[No. 15697.   In Bank.—November 14, 1895.]

JAMES O. McGRATH, APPELLANT, *v.* GEORGE L. CARROLL ET AL., EXECUTORS, RESPONDENTS.

ESTATES OF DECEASED PERSONS—TRUST—PRESENTATION OF CLAIM.—While equity will enforce a trust against the personal representatives of a deceased person without a presentation of a claim against the estate, when the identical trust property or its product in a new form can be traced into the estate, and so into the possession of the representatives of the decedent, yet a beneficiary who is unable to do this must rely on the personal liability of the trustee, and has only a claim against the estate which must be duly presented for allowance.

ID.—TRUST CLAIM—WHEN LIMITATION BEGINS TO RUN.—Where a trust claim has not been repudiated during the lifetime of the trustee, the statute of limitations is set in motion from the time of the first publication of notice to creditors.

ID.—PRESENTATION OF TRUST CLAIM—MONEY DEMAND—STATUTE OF LIMITATIONS.—The fact that the beneficiary is obliged to present his claim as a general creditor against the estate of a deceased person does not change the nature of his demand, which is still one for property due under a trust accounting, but merely changes his remedy; and in presenting such claim, in order to avoid the statute of limitations, he must set forth in the claim the facts constituting the trust, and that the trustee did not repudiate the same to the knowledge of the beneficiary; but where the claim as presented is of a mere money demand which is barred upon its face by the statute of limitations, it is the duty of the executors to reject the claim, and the claimant cannot prevent the bar of the statute by setting forth a trust claim in his complaint.

ID.—PLEADING—VARIANCE—ABATEMENT—LIMITATIONS.—In an action upon a claim presented against the estate of a deceased person the complaint should conform to the statement of the claim as presented, and where the claim presented is a mere money demand which is upon its face barred by the statute of limitations, by reason of there being no hint of a trust therein, and the complaint contains for the first time an allegation of a trust not included in the claim, the defendant may plead the statute of limitations against the rejected claim, and may also plead the variance, and the nonpresentation of the trust claim in abatement of the action.

APPEAL—REVIEW—REASONS FOR DECISION.—Upon an appeal the reasons for the decision of the trial court are immaterial, if the conclusion reached is justifiable, and the judgment will be affirmed if it is right upon any ground.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*Young & Powers*, for Appellant.

There being no evidence of a repudiation of the trust claim, it should be enforced against the estate with interest out of the assets. (*Lathrop* v. *Bampton*, 31 Cal. 21; 89 Am. Dec. 141; Perry on Trusts, secs. 345, 843; Civ. Code, secs. 2228–39.) When a trustee uses trust funds for his own benefit he is liable for interest. (*Estate of James Holbert*, 39 Cal. 597; *Estate of McQueen*, 44 Cal. 589.)

*Garret W. McEnerney*, for Respondents.

The claim being for money had and received was barred in two years. (*Estate of Galvin*, 51 Cal. 215; *Dorland* v. *Dorland*, 66 Cal. 189.) The statutes of limitations are regarded with favor. (Wood on Limitations, 2d ed., 7, 8.)

HENSHAW, J.—Appeal from the judgment, taken within sixty days from its rendition. The evidence is brought up for review by bill of exceptions.

Plaintiff presented his claim to the executors of the estate of R. T. Carroll, deceased, which claim was in form as follows:

" The undersigned, creditor of the estate of R. T. Carroll, deceased, presents his claim against the estate of said deceased, with the necessary vouchers, for approval, as follows, to wit:

" Estate of R. T. Carroll, Deceased,

"To James O. McGrath, Dr."

The following are the particulars of said creditor's claim:

" SAN FRANCISCO, March 20, 1891.

" Estate of R. T. Carroll, Deceased,

"To James O. McGrath.

1879.

Dec. 18.   By check.....................$1,000 00
           Interest from date at 7 per cent per
               annum, 11 years and 90 days..   787 26

1881.

| | | | |
|---|---|---|---|
| May 17. | By cash...................... | | 600 00 |
| | Interest from date at 7 per cent per annum, 9 years and 304 days.. | | 412 98 |

1882.

| | | | |
|---|---|---|---|
| Sept. 19. | To amount of judgment received in suit, *McGrath* vs. *St. Lawrence Mining Co*.................. | | 600 00 |
| | Interest from date at 7 per cent per annum, 8 years and 181 days.. | | 356 83 |
| | | | $3,757 07 |

1889.                    Cr.

| | | | |
|---|---|---|---|
| July 13. | Fees to attorney, etc.....$ 30 60 | | |

1890.

| | | | |
|---|---|---|---|
| Jan. 11. | Judgment in *Cowper* vs. *McGrath*............. | 800 00 | |
| | Interest from date at 7 per cent per annum from date to March 11, 1891. | 66 00 | |

1890

| | | | |
|---|---|---|---|
| Dec. 23. | Fees to attorney, etc..... | 30 00 | 926 60 |
| | | | $2,830 47" |

The claim was rejected and in due time thereafter the plaintiff commenced this action. By his complaint he set up that the moneys were received and held by deceased " in trust for the use and benefit of plaintiff." The nature and terms of the trust are not, however, disclosed. The defendants by demurrer and by answer pleaded the statute of limitations.

When the evidence had been received the court instructed the jury to render a verdict for defendants, which it did, and judgment was entered accordingly.

In so doing the court said: "Of course, if the property was received in trust, then the statute never runs as long as the trust exists and the relation continues; and it would not run until some repudiation of the trust

made by the trustee was brought home to the knowledge of the trustor.

" Treated as a simple money demand it would clearly be barred on its face, inasmuch as the party did not commence a suit while Carroll was alive, but until after he died.

"In the case of *Lathrop* v. *Bampton*, 31 Cal. 24, 89 Am. Dec. 141, treating this as an action in trust, and assuming that a trust was created, and if the jury believe the evidence of that witness that a trust was created, nevertheless the testimony of Mrs. Carroll that this property has not come to her or been received by her is a failure to follow it up and identify it under the rule laid down in *Lathrop* v. *Bampton, supra,* which says: 'The identity of a trust fund consisting of money may be preserved so long as it can be followed and distinguished from all other funds. If there was any trust fund here, it consisted of money.' The decision further says: 'Not by identifying the individual pieces or coins, but by showing a separate and independent fund or value, readily distinguishable from all other funds.' That has not been done. You sued to enforce a trust. You have presented a demand and claim against the estate, and that makes your cause of action. You have sued to enforce a trust in relation to money; and you have not followed the trust fund into the hands of the defendants, nor its proceeds, and place it solely upon that ground."

The judgment of a trial court does not depend for its sufficiency upon the reasoning by which it is reached. The opinion of the judge may be erroneous, while the conclusion arrived at and given expression in the judgment may be just and sound.

So here the ground upon which the court rested its decision is immaterial if the conclusion reached was the only one justifiable. Moreover, the language of the judge indicates an appreciation of the situation of the parties, and we are inclined to believe that it fails to give a full exposition of the principles involved, not from oversight, but because of the lack of opportunity

for careful preparation and presentation which must always embarrass a judge in the swift progress of a trial.

*Lathrop* v. *Bampton, supra,* holds that equity will enforce a trust against the personal representatives of a deceased trustee, and *without the presentation of a claim against the estate,* when the identical trust property or its product in a new form can be traced into the estate and so into the possession of the representatives. But a beneficiary who is unable to do this must rely on the personal liability of the trustee, and so relying has only a claim against the estate which must be duly presented for allowance.

But such a claim is still based upon the trust, whatever that may have been. It has its origin in the trust, and depends for its validity upon the legality and sufficiency of the trust. The fact that the beneficiary is obliged to present his claim and look like a general creditor to the assets of the estate for payment, does not change the nature of his demand, which is still one for property due under a trust accounting; it merely has changed his remedy.

In an express trust the statute of limitations is not set in motion against the beneficiary during the term of its existence, unless the trustee has in some unequivocal way, with notice to the beneficiary, repudiated the trust. If, during his lifetime, the trustee has not done this, his death will not be held to be such a repudiation. The rights of the beneficiary remain unaffected by this event; his remedies, however, will depend upon his ability or inability to trace the specific trust property.

When, as here, he is obliged to look to the general assets and to present his claim, in the absence of repudiation, the statute of limitations is set in motion from the time of the first publication of the notice to creditors.

No action can be brought by the holder of such a claim unless it be first presented (Code Civ. Proc., secs. 1493, 1500), and every claim must sufficiently indicate the nature and amount of the demand to enable the executor and judge in probate to act advisedly upon it.

(*Henderson* v. *Ilsley*, 11 Smedes & M. 11.)    As no holder. of a claim may maintain an action upon it unless it has first been presented, it follows as a necessary sequence that the only action the holder may maintain is one founded upon the claim presented. (*Lichtenberg* v. *Mc-Glynn*, 105 Cal. 45.)

In this case the claim presented was a simple demand for money lent, accompanied by a demand for legal interest, with which such moneys are charged. No hint or suggestion is made of a trust, and the debts set out were all long barred by the statute of limitations. Upon such a claim the executors had no discretion. Their plain duty was to reject it as they did. (Code Civ. Proc., sec. 1499.)·

. In the complaint for the first time there is a plea of trust (without disclosure of its terms even then), and the defendant executors are compelled to meet a cause of action unsupported by the claim presented, and a claim founded thereon which had never been presented and upon which they had never been called to pass.

They did this by pleading the statute of limitations, which was a good plea directed against the rejected claim that plaintiff was compelled to set forth in his complaint. They might also have pleaded the variance and nonpresentation in abatement, but, under the circumstances, we are of the opinion that the point is sufficiently presented by the plea of the statute, and this seems to have been in the mind of the court when it said: "Treated as a simple money demand, it would clearly be barred on its face, inasmuch as the party did not commence a suit while Carroll was alive, but until after his death. . . . . You have presented a demand and claim against the estate, and that makes your cause of action."

For the foregoing reasons the judgment appealed from is affirmed.

McFARLAND, J., VAN FLEET, J., HARRISON, J., BEATTY, C. J., and GAROUTTE, J., concurred.