[Sac. No. 275.    Department One.—June 17, 1897.]

ALMEDA P. ORCUTT, Respondent, v. E. T. GOULD Executor, etc., Appellant.

Estates of Deceased Persons—Trust—Commingling of Moneys—Failure of Identification—Presentation of Claim—Improper Action.— Where trust moneys held and used by a deceased person were so commingled that they are incapable of identification as a distinct fund, and no fruit or product thereof is susceptible of identification, the only remedy of the beneficiary is to present a claim for the money so held and used against the estate of the decedent, and to sue thereon if rejected; and no action can be maintained against the executor to enforce the trust without such presentation.

Appeal from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

*Frank W. Street,* for Appellant.

*F. P. Otis,* for Respondent.

GAROUTTE, J.—Plaintiff, when a child of eleven years, began living with Mrs. H. N. Sherman. At that time the child had two hundred and fifty dollars deposited to her credit by her father in a savings bank in the city of Stockton. Thereafter at various times Mrs. Sherman persuaded the child to draw the money from the bank in small sums, until finally it had all passed into the possession of Mrs. Sherman. When the plaintiff had arrived at the age of twenty-five years or thereabouts Mrs. Sherman died. This action was then brought against her executor for the purpose of having a trust declared against her property for the amount so received by the deceased, Mrs. Sherman, and that such amount be paid from her estate. Judgment was rendered to this effect, and an appeal is now before us.

Upon the facts disclosed by the record the relief sought cannot be secured. Conceding the existence of a trust, plaintiff's remedy was the presentation of her claim to the executor and suit thereon if rejected. (*McGrath* v. *Carroll*, 110 Cal. 79.) The law upon this question of trusts, as involving facts similar to those here disclosed, was laid down in *Lathrop* v. *Bampton*, 31 Cal. 17, and as there laid down has been approved and affirmed to the present time. (*McGrath* v. *Carroll, supra; Byrne* v. *Byrne*, 113 Cal. 294.) The present action is one to enforce a trust, and, as said in *Lathrop* v. *Bampton, supra,* before the *cestui que trust* can claim specific real or personal property "he must show that it is the identical property originally covered by the trust, or that it is the fruit or product thereof in a new form." To justify a recovery a beneficiary must be able to follow and identify the property, either in its original or substituted form. In speaking of a money trust fund the court in the above case said: "The identity of a trust fund consisting of money may be preserved, so long as it can be followed and distinguished from all other funds, not by

identifying the individual pieces or coins, but by show-ing a separate and independent fund or value readily distinguishable from all other funds." In that case the deceased left certain money in addition to other personal property and real estate, and the court held that the money left by deceased could not be impressed with the trust, as the evidence failed to show that it was any part of the trust fund.

In the present case the trustee died, leaving, as shown by the inventory and appraisement, certain real and personal property. This property consisted of a tract of land, a mortgage lien upon real estate, four hundred dollars in money, and household furniture. There is nothing whatever to indicate that the money of the beneficiary ever purchased the land; neither is there any evidence that it passed into the mortgage lien, or was used in the purchase of the furniture. There is also an absolute. dearth of evidence as to what disposi-tion was made of plaintiff's money after it came into the hands of the trustee. There is no claim by respond-ent's counsel that the four hundred dollars left by deceased at her death was any part of the trust fund coming to her hands twelve or thirteen years before that time. If such claim had been made the evidence would not bear it out. The burden of identifying the trust fund rested upon the plaintiff, and she failed to iden-tify it.

For the reasons suggested we deem it unnecessary to pass upon the remaining assignments of error.

The judgment and order are reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.