[S. F. No. 3858.   In Bank.—June 26, 1905.]

In the Matter of the Estate of HYPPOLITE DUTARD, Deceased.   ELIZA DUTARD, Respondent, v. BANK OF CALIFORNIA, Respondent, and THEKLAY DUTARD KLEINCLAUS et al., Appellants.

ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—FINDINGS SUPPORTED—APPEAL.—Upon petition of the surviving wife, as sole devisee and legatee, for a partial distribution of certain property of her deceased husband, where the court found upon sufficient evidence that the estate was but little indebted, and that the property may be distributed without loss to the creditors of the estate, and that appellants are not such creditors, but make an adverse claim to specific property, the decree of partial distribution will not be disturbed upon appeal.

ID.—ADVERSE CLAIMS BASED UPON TRUST—IMPOSSIBILITY OF IDENTIFICATION NOT SHOWN—ALTERNATIVE REQUEST—APPELLANTS NOT CREDITORS.—Where the claims of appellants were based solely upon the theory that specified property of the decedent was not his own, but was in fact trust property, to which they were entitled as beneficiaries, without any intimation of fact that the trust property had been so mingled with his estate that it could not be identified, the fact that the claims presented asked for the specified property, or its value in the alternative, cannot change the character or position of the claimants, and they cannot be considered as general creditors of the estate.

ID.—ACTION UPON REJECTED CLAIM—LIMITED CAUSE OF ACTION.—In an action upon a rejected claim, the plaintiff must recover, if at all, only upon the cause of action set forth in that claim; and where the facts stated therein do not show a personal liability, an action cannot be maintained which is based upon personal liability.

ID.—CLAIM BY ADMINISTRATOR OF ANOTHER ESTATE—ACCOUNTING.—Where the claim by the administrator of another estate on its face shows a demand for specific property held in trust by the decedent at the time of his death for the estate represented by such administrator, who had proceeded no further than his appointment in the matter of such estate, an additional demand for an accounting and settlement of his accounts in no way changes the character of the claim.

APPEAL from a decree of the Superior Court of the City and County of San Francisco making a partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Knight & Heggerty, for Appellants.

Bishop, Wheeler & Hoefler, Finlay Cook, J. M. Allen, and William Rix, for Respondent.

ANGELLOTTI, J.—This is an appeal from a decree of partial distribution, whereby certain ranch property situated in Santa Barbara County, with the livestock and other personal property thereon, all appraised at $163,881, was distributed to Eliza Dutard, the surviving wife and sole devisee and legatee of the deceased. The appellants are the same persons who were parties plaintiff in the case of *Kleinclaus* v. *Dutard,* *ante,* p. 245, [81 Pac. 516], in which the judgment of the superior court in favor of the defendants therein has been this day affirmed. Plaintiffs presented written objections to the granting of the petition, alleging that they were creditors of the estate who had duly presented claims for an amount which exceeded two million five hundred thousand dollars, that such claims had been rejected by the executors of the will of deceased, and that actions had been duly commenced thereon, which were still pending. They further alleged that there were unpaid allowed claims aggregating four hundred thousand dollars, that the estate was greatly indebted, and that no part of the estate could then be safely distributed.

The superior court found that the estate is but little indebted, and that the said property might now be distributed without loss to the creditors of the estate. It further found that none of the appellants is a creditor of the estate of the deceased, or has any claim against the same, or has presented any claim, but that they simply claim certain property described in the inventory adversely to the estate, and had presented their claims therefor within the time allowed for the presentation of claims against the deceased, and upon the rejection of their demands had commenced actions, which actions were still pending. The case of *Kleinclaus* v. *Dutard,* *ante,* p. 245, [81 Pac. 516], was one of such actions.

Upon these findings distribution was ordered, and delivery to the distributee ordered upon the giving of a bond, conditioned as provided by law, in the sum of ten thousand dollars.

At the time of the presentation of the petition the time for presenting claims against the deceased had expired, and all allowed claims had been paid, with the exception of certain claims of the Bank of California. Said bank joined in the petition for partial distribution, and requested that distribution be made to Eliza Dutard in accordance therewith, an agreement having been entered into by Mrs. Dutard and said bank for the application of the proceeds of the said property (which was to be sold) to the payment of the claims of the bank. There were no other persons who claimed to be unpaid creditors except the appellants. As already stated, the distributee, Eliza Dutard, was the sole devisee and legatee. It is therefore manifest that unless the claims presented by these appeals show them to be ''creditors of the estate,'' and show an apparent indebtedness on the part of the estate, the conclusion of the superior court that the estate is but little indebted, and that distribution might be made without loss to the creditors of the estate, cannot be disturbed. The finding to this effect of facts essential to justify the court in making the decree (Code Civ. Proc., sec. 1661; *Estate of Hale,* 121 Cal. 125, 127, [53 Pac. 429]), is of course entirely dependent on the finding that appellants are not creditors of the estate, for if they are such for the amount specified in their so-called claims presented, it is apparent that it cannot be said that the estate is but little indebted.

An examination of the so-called claims of appellants shows that the alleged facts upon which they are based are substantially the same as the facts alleged in the amended complaint in *Kleinclaus* v. *Dutard, ante,* p. 245, [81 Pac. 516], as the basis for a decree adjudging the property left by Hyppolite to be trust property. Upon these alleged facts, Theklay Dutard Kleinclaus claimed, first, as administratrix of her father's estate, the whole of the estate left Hyppolite, or its value, alleged to be two million five hundred thousand dollars; second, as administratrix of her mother's estate, one half of said estate, or its value, alleged to be one million two hundred and fifty thousand dollars; and third, in her own right, as an

heir of her father and mother and a beneficiary of the alleged trust, an undivided one-fifth share of all of said property, or its value, alleged to be five hundred thousand dollars. Upon the same alleged facts Leonce Dutard claimed an undivided one-twelfth share, or its value, alleged to be $208,333. So far as these claimants are concerned, it is apparent that the claimants were not seeking to enforce any claim against *property of the decedent*. The claimants proceeded entirely upon the theory that the property held by Hyppolite Dutard in his lifetime, and by his legal representatives after his death, which was sought to be recovered, was in fact trust property, and did not belong to his estate at all. The claimants did not assume to stand in the character of creditors of the decedent, seeking to enforce a debt of the decedent against his property, but purely in the attitude of persons seeking to recover from the representatives of the estate specifically described property, upon the ground that it did not belong to the estate, but was in fact their own property. The fact that the claim in question not only asked for the property itself, but also, in the alternative, for *its* value, did not change their character or alter the position of the claimants.

It is well settled that one who claims as his own, adversely to an estate, specific property held and claimed by the estate, cannot be called a creditor of the estate within the meaning of the probate law. The decisions are clear and conclusive upon the proposition that where one seeks to recover from the representatives of an estate specific property alleged to have been held in trust by the decedent at the time of his death, he is not seeking payment of a claim from the assets of the estate, is not required to present a claim as a creditor, and is not a "creditor of the estate." His action is not founded upon a claim or demand against the estate. (See *Gunter* v. *James,* 9 Cal. 643, 658; *Meyers* v. *Reinstein,* 67 Cal. 89, [7 Pac. 192]; *Roach* v. *Caraffa,* 85 Cal. 436, 443, [25 Pac. 22]; *Byrne* v. *McGrath,* 130 Cal. 316,[1] [62 Pac. 559]; *Elizalde* v. *Elizalde,* 137 Cal. 634, 642, [66 Pac. 369, 70 Pac. 861].) This does not appear to be disputed by appellants, but they rely upon the rule stated in several of our decisions, to the effect that where the identical trust prop-

---

[1] 80 Am. St. Rep. 127.

erty, or its product in a new form, cannot be traced by the beneficiary into the estate and identified, the beneficiary must rely on the personal liability of the trustee, and so relying, has only a claim against the estate. (*Lathrop* v. *Bampton,* 31 Cal. 17, 23;[1] *McGrath* v. *Carroll,* 110 Cal. 79, 83, [42 Pac. 466]; *Byrne* v. *Byrne,* 113 Cal. 294, 299, [45 Pac. 536]; *Orcutt* v. *Gould,* 117 Cal. 315, [49 Pac. 183].) We cannot perceive the applicability of this rule to the claims under consideration. We have already stated the character of these claims. Specifically described property was thereby claimed by the appellants as their own, and this was the whole of their claim. The property sought was absolutely and entirely identified—the whole of the estate, one undivided one half of the estate, one undivided one fifth thereof, and one undivided one twelfth thereof. There was no intimation that the alleged trust property could not be traced and identified, but, as we have seen, the allegations were directly to the contrary. There was no pretense that the claimants appeared as general creditors, seeking to enforce against the decedent's estate a personal liability of the decedent. In an action upon a rejected claim a claimant can recover only upon the cause of action set forth in that claim. (*Lichtenberg* v. *McGlynn,* 105 Cal. 45, 47, [38 Pac. 541]; *McGrath* v. *Carroll,* 110 Cal. 79, 83, [42 Pac. 466].) There is a clear distinction between a demand for certain specific property, on the ground that it is the property of the claimant held in trust by the decedent, and a claim of personal indebtedness on the part of the decedent, based upon the fact that he has so mingled the trust property with his own as to make it impossible for the beneficiary to follow and identify it. The latter may be a proper claim against the estate of the decedent, upon the ground that there has been a breach of the trust and a personal liability has therefore arisen, while the former cannot possibly be such a claim. (*Elizalde* v. *Elizalde,* 137 Cal. 634, [66 Pac. 369, 70 Pac. 861].) It is true, as said in *McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466], that the claim of personal liability in such a case has its origin in the trust, and depends for its validity upon the legality and sufficiency of the trust. But it was not intended by the court in that case to hold, as intimated by appellants, that the nature of the demand is the same whether

---

[1] 89 Am. Dec. 141.

the claim be for the claimant's specific property adversely held by the estate, or for money alleged to be personally due the claimant from the decedent, on account of the mingling of the trust property with his own so as to make it impossible to follow it. In the sense that the basis of the demand is the same, and that the claimant is seeking something on account of the trust, the nature of the demand is the same, and this is all that was meant by the language quoted from the opinion in that case, the question there under discussion being as to what the claim in such a case should indicate. But the remedy of the beneficiary in such a case is very different from that of the beneficiary who asks for his own property. As said in *Byrne* v. *Byrne,* 113 Cal. 294, 300, [45 Pac. 536], by the same justice who wrote the opinion in *McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466], the beneficiaries who cannot trace their property "are relegated to the position of general creditors" of the estate. They must present their claims as such, showing a personal liability, and unless they do this, cannot maintain an action based upon personal liability. A claim for certain specific property, upon the ground that it is the property of the claimant and not that of the estate, does not show any such personal liability.

One of the claims, that of Theklay Dutard Kleinclaus, as administratrix of the estate of Joaquina Dutard, was not only for the undivided one half of the property possessed by Hyppolite at the time of his death, but it was also stated therein that it was a claim for an accounting and settlement of his account, as administrator of the same estate, it being alleged that letters of administration of the said estate had been issued to him on November 10, 1891, but that, although such letters had never been revoked, no further proceedings had ever been taken by him in the administration of said estate. This additional demand in no way changed the character of the claim, which upon its face showed that it was simply a demand for specific property, alleged to have been held in trust by the decedent at the time of his death.

The conclusion of the superior court that the so-called claims presented did not show the claimants to be "creditors of the estate" was correct.

The decree appealed from is affirmed.

Shaw, J., Van Dyke, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.

BEATTY, C. J., concurring.—I concur. It would not always follow that a probate court in passing upon an application for partial distribution would be warranted in disregarding claims like those of appellants, simply because they did not constitute an indebtedness of the estate in a technical sense. The pendency of a suit to recover valuable estate inventoried as property of a decedent upon the ground that he held it as trustee, or upon any tenable ground, and the possible success of such suit would be an important consideration in any case where the loss of the property in litigation might result in a deficiency of assets to pay debts and expenses of administration. But no such case is presented by this record.