[S. F. Nos. 3990, 4356.   Department One.—January 9, 1907.]

# EDWARD POLLITZ et al., as Copartners, etc., Appellants, v. MARY C. WICKERSHAM, Executrix, etc., Respondent.

ORDER GRANTING NEW TRIAL—BILL OF EXCEPTIONS—REVIEW UPON APPEAL.—If the grounds of the motion for a new trial are such as can be presented only by a bill of exceptions or statement, and the notice calls for a bill of exceptions, and if the bill asked for at the hearing cannot be properly considered, the order should be reversed; but if it can be properly considered, and justifies the order, it must be affirmed.

ID.—FAILURE TO SERVE BILL IN ᴛIME—OBJECTION RESERVED—PRESENTATION UPON SETTLEMENT—LAPSE OF TIME—POWER TO RELIEVE FROM DEFAULT.—Where the proposed bill of exceptions on motion for new trial was not served within the time prescribed by law, and at the time of service objection was reserved on that ground, but the objection was not presented to the court until the bill came up for settlement, one day after the expiration of six months from the time of service, the court had power, upon the presentation of such objection, or within a reasonable time thereafter, upon a proper showing of excusable neglect under section 473 of the Code of Civil Procedure, to relieve the moving party from the default in service.

ID.—CONSTRUCTION OF CODE—"PROCEEDING TAKEN AGAINST" MOVING PARTY.—There was no "proceeding taken against" the moving party within the meaning of the code until the objection was presented by the opposing party to the court as a ground for an order against the moving party. The mere reservation of objection to the service did not constitute a "proceeding" within the meaning of the statute.

ID.—SUPPORT OF ORDER GRANTING NEW TRIAL—PRESUMPTION—OPINION.—Where the order granting a new trial upon the settled bill of exceptions, after the granting of relief from default, was in general terms, not purporting to exclude any grounds stated in the notice, one of which was insufficiency of the evidence to justify the decision, if it is sustainable on that ground, it must be presumed in favor of the order that it was granted for that reason, regardless of any reason stated in the opinion of the trial court.

ID.—DUTY OF JUDGE AS TO NEW TRIAL—EFFECT OF EVIDENCE—PRESUMED CHANGE OF OPINION.—It is the duty of the judge of the trial court to grant a new trial, whenever he is not satisfied with the verdict of the jury, or the findings of the court. He is not bound by the rule as to conflicting evidence; and where insufficiency of the evidence is one of the grounds of the motion it must be presumed

in favor of the order granting a new trial that the court changed
its opinion as to the effect of the evidence, and reached a conclusion
more favorable to the moving party.

ID.—NEW TRIAL TO DEFENDANT UNDER CROSS-COMPLAINT—SALES OF
STOCK UPON MARGIN — REVIEW OF PLAINTIFFS' EVIDENCE.—In an
action by stock-brokers to recover moneys advanced upon the pur-
chase and sale of stocks, where a new trial was granted to the
defendant upon a cross-complaint alleging that the purchases and
sales of stock were upon margin, to be delivered at a future day,
in violation of the constitution, the court in determining whether
the assailed findings against the defendant were supported by the
evidence had the right to consider all the evidence, including that
given by plaintiffs in support of their claim, involving the same
transactions in respect to which relief was sought by the cross-
complaint.

ID.—PROBATIVE FINDINGS NOT CONSIDERED—ADMISSIONS AND EVIDENCE.
—The court in determining the sufficiency of the evidence to sustain
the findings assailed was not required to consider probative find-
ings not assailed, but the question is to be determined upon the
admissions of the pleadings and the evidence given upon the trial.

ID.—SUFFICIENCY OF EVIDENCE TO SHOW SALES UPON MARGIN.—Upon
a review of the evidence in the record, it is held sufficient to war-
rant an inference and to support findings by the trial court that
purchases and sales of stock, advances upon which were sought to be
received by plaintiffs, were purchased and sold by plaintiffs upon
margin to be delivered at a future day, as alleged in defendant's
cross-complaint.

ID. — ADMISSIONS IN CLAIM PRESENTED BY PLAINTIFFS. — Admissions
made by the plaintiffs in their verified claim first presented against
the estate of the deceased testator (after the rejection of which
a second claim in different terms was presented, which was sued
upon) was admissible, and might be considered by the court as an
admission against interest in granting the new trial.

APPEAL FROM JUDGMENT — REVIEW — ERROR IN RECORD AS TO VARI-
ANCE.—Upon appeal from the judgment, it is held to be an error
of the court to conclude that there was such a variance between
the facts set forth in the second claim, on which the action was
brought, and the facts proven by plaintiffs and found by the
court, as to preclude a recovery. There was no material variance;
but the cause of action established by the findings is the same as
that attempted to be set out in the claim and the complaint, neither
of which showed a prohibited transaction.

ID.—SUFFICIENCY OF CLAIM AGAINST ESTATE.—A claim against an estate
is not required to state the facts with all the preciseness and detail
required in a complaint, and its sufficiency is not to be tested by
the rules of pleading. The claim in this case was not invalid upon
its face.

Id.—REVERSAL OF JUDGMENT—NEW TRIAL.—In reversing the judgment this court has power to order a new trial of the issues between plaintiffs and defendant; and, this court having affirmed an order granting a new trial involving a question of fact as to the validity of the plaintiffs' claim, it is a proper case for granting such new trial rather than to order a judgment for the plaintiffs, which might work an unjust conclusion.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order granting a new trial. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

Heller & Powers, Edmund Tauzsky, and A. A. Moore, for Appellants.

Lippitt & Lippitt, Campbell, Metson & Campbell, and Thomas H. Breeze, for Respondent.

ANGELLOTTI, J.—This action was one brought by plaintiffs, who were stockbrokers, to obtain a decree adjudging that the estate of Frederick A. Wickersham, deceased, is indebted to them in the sum of $33,514.55 with interest, for moneys advanced by them in the purchase for said Wickersham of five hundred shares of the stock of the Honokaa Sugar Company, a corporation, and five hundred shares of the stock of the Paauhau Sugar Plantation Company, a corporation, and directing the sale of said stock, together with three hundred and fifty other shares of the Honokaa Company belonging to Wickersham, all of which was alleged to be held in pledge as security by plaintiff, and the application of the proceeds to the debt, and adjudging the payment in due course of administration of any deficiency that may remain after such sale. The original answer contained denials of the allegations of the complaint as to the transaction between plaintiffs and defendant's intestate, but contained no affirmative defense. It, however, included allegations "by way of cross-complaint, and asking for affirmative relief," to the effect that the transaction between the parties was one for the purchase and sale of shares of stock of corporations "on margin, or to be delivered at a future day," and, there-

fore, one within the prohibition contained in section 26 of article IV of our constitution, where it is declared that ''All contracts for the sale of shares of the capital stock of any corporation or association, on margin, or to be delivered at a future day, shall be void, and any money paid on such contracts may be recovered by the party paying it by suit in any court of competent jurisdiction.'' Judgment was asked by defendant declaring the agreement to pay made by Wickersham null and void, and for the recovery of the three hundred and fifty shares of stock held as partial security. By her second amended cross-complaint, the same matters were set up, defendant's prayer, however, being simply for the return of the three hundred and fifty shares, and damages for the detention thereof. Plaintiffs by answer denied the allegations of the cross-complaint in this regard. The findings of the trial court were in favor of plaintiffs upon all the issues made by complaint, answer, cross-complaint and the answer thereto, except upon the single issue as to the presentation to the executrix by plaintiffs before action of their claim against deceased. As to this issue, the trial court included in its findings a copy of the claim actually presented, and concluded therefrom that ''the facts proven by plaintiffs herein and found by the court do not correspond with the claim presented by plaintiffs to defendant, and that there is a material variance between the facts as set forth in said claim and . . . in the complaint, and the facts proven by plaintiffs and found by the court.'' On this ground alone, judgment was given that plaintiffs take nothing, the judgment also being that defendant take nothing by her cross-complaint. Defendant moved for a new trial of the issues of fact arising upon her second amended cross-complaint and the answer of plaintiffs thereto, and an order was made granting such motion. Plaintiffs appeal from that portion of the judgment denying them any relief, and also from the order granting defendant's motion for a new trial. The appeal from the judgment is upon the judgment-roll alone, and the appeal from the order is before us upon the judgment-roll and a bill of exceptions procured by plaintiffs to be settled upon the granting of the motion.

We shall first consider the appeal from the order granting a new trial.

CL Cal.—16

By the bill of exceptions settled for use on this appeal, it is made to appear that the grounds of motion for a new trial were such as could be presented only by a bill of exceptions or statement on motion for a new trial, and the notice of motion stated that the motion would be made solely on the bill of exceptions. If defendant's bill of exceptions, which was used upon the hearing of the motion, could not properly be considered thereon, no reason for a new trial was made to appear, and the order should be reversed.

Defendant's proposed bill of exceptions was not served until some days after the expiration of the time prescribed by law. Plaintiffs at the time of such service reserved the objection that the bill was served too late. The bill came up for settlement on December 5, 1904, which was a few days after the expiration of six months from the time defendant should have served her proposed bill, and one day after the expiration of six months from the time of actual service thereof, June 4, 1904. Plaintiffs objected to the settlement on the ground that the bill had not been served in time. Defendant thereupon made by affidavits a showing for relief, on the ground of excusable neglect, under section 473 of the Code of Civil Procedure, which was met by a counter-affidavit on the part of plaintiffs. The trial court ruled that the default of defendant in preparing and serving the bill was due to excusable neglect, and that a sufficient case had been made to entitle her to relief, and thereupon settled the bill. Objection to the use of the bill was subsequently made on the hearing of the motion for a new trial, and overruled.

The showing as to excusable neglect was such that it cannot be held that the trial court erred in relieving defendant from the effect of her default, if it then had the power to grant such relief. Section 473 of the Code of Civil Procedure, providing that the court may relieve a party "from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect," in terms limits the cases in which such relief may be granted to those wherein the application for relief is made within a reasonable time, and in no case "exceeding six months after such judgment, order, or proceeding was taken." As already noted, the application here was not made until more than six months after defendant's default, and the actual service of the

bill.   It is claimed by plaintiffs with much force that the
application was in fact for relief *from her failure to serve
the bill in time,* and such failure having occurred more than
six months before the application, the court was without
power to grant the relief.  We find, however, that this court
has given a different construction to the statutory provision.
In holding that relief may be given under section 473 of the
Code of Civil Procedure from the effect of the failure to take
in time a necessary step in the matter of procuring a bill to
be settled, this court, basing its conclusion upon the fact
that, under the statute, relief can be had only "from a judg-
ment, order, or other proceeding taken against" a party, has
said that the relief sought is from some proceeding taken by
the adverse party based upon the default, or from some order
of the court based thereon.   Thus, in *Stonesifer* v. *Kilburn,*
94 Cal. 33, [29 Pac. 332], the first case in which section 473
of the Code of Civil Procedure was declared applicable to such
matters, it was held that the objection made to a settlement
of a proposed bill on the ground that it was not served in
time, was a step in the action to obtain the interposition of
the court, which amounted to a proceeding against the appel-
lants within the letter and spirit of the section, and that
it is from this proceeding that the appellants asked and the
court had power to grant relief.   In *Banta* v. *Siler,* 121 Cal.
414, [53 Pac. 935], the application was for relief from an
order refusing to settle the statement on objection made
thereto, and this court affirmed the action of the trial court
in granting such relief and settling the statement.   These
cases give a construction to the statutory provision that we
would not feel justified in departing from, to the prejudice
of a litigant who has relied thereon.   We see no reason why
one who finds himself in default in such a matter may not
anticipate the objection or proceeding to be taken against
him based thereon, and make his application for relief at once
(see *Vinson* v. *Los Angeles Pac. R. Co.,* 147 Cal. 479, [82
Pac 53]), but, in view of the decisions above cited, we do not
feel warranted in holding that the application comes too late,
if made at the time the objection based on the default is pre-
sented to the court, or within a reasonable time thereafter.
We are satisfied that the mere reservation of their objection
by plaintiffs at the time of the service of the bill did not

constitute a "proceeding" within the meaning of the statute.
We conclude, therefore, that the bill of exceptions was properly settled, and entitled to be considered on the motion for a new trial.

The order granting the motion for a new trial was in general terms, not purporting to exclude any particular ground specified in the notice. One of the grounds specified in the notice was insufficiency of the evidence to justify the decision. If upon the record before us, a new trial could have been properly granted upon that ground, we must assume in favor of the order that it was granted for that reason, regardless of any reason stated in the opinion of the trial court. (See *Schnittger* v. *Rose,* 139 Cal. 656, 659, [73 Pac. 449]; *Ben Lomond etc. Co.* v. *Sladky,* 141 Cal. 619, 621, [75 Pac. 332]; *Weisser* v. *Southern Pacific Co.,* 148 Cal. 426, [83 Pac. 439].) "It is the duty of the judge of the trial court to grant the new trial whenever he is not satisfied with the verdict if tried by a jury, or with the findings, if tried by the court; and he is not bound by the rule as to conflicting evidence, as is this court" (*Condee* v. *Gyger,* 126 Cal. 546, 547, [59 Pac. 26]; *Churchill* v. *Flournoy,* 127 Cal. 355, 362, [59 Pac. 791]). Where the evidence is such that it would have sufficiently supported findings in favor of the party against whom the decision was given, and the trial court grants a motion for new trial made upon various grounds, including that of insufficiency of evidence, without in terms excluding such ground in its order entered on the minutes, we must presume, in favor of such order, "that the court changed its opinion as to the effect of the evidence, and reached a conclusion upon the hearing of the motion, favorable" to the party making the motion (*Condee* v. *Gyger,* 126 Cal. 546, 548, [59 Pac. 26]). As a matter of fact, the opinion of the trial judge filed upon the decision of the motion shows that such was the case here. It is the reason given by the learned judge for such change that counsel for appellant vigorously assail.

The real question in dispute between the parties on the issues made by the cross-complaint and the answer thereto was as to whether the transaction between plaintiffs and Wickersham, upon which each party based its action, was one prohibited by the constitutional provision hereinbefore quoted, and therefore void. The specifications of insufficiency of

evidence contained in the bill of exceptions sufficiently assailed the material findings in this regard. In determining the question as to whether the assailed findings were sufficiently supported by the evidence, the trial court undoubtedly had the right to consider all the evidence given upon the trial, including that given on behalf of plaintiffs in support of their claim. That evidence as to the nature of the transaction between the parties was as available to defendant in support of her cross-action involving the same transaction, as it was to plaintiffs in support of their action, and she had a perfect right to rest her claim thereon if she so desired.

Nor do we understand that, as urged by plaintiffs, the trial court, in the determination of the question as to whether the assailed findings were sufficiently supported by the evidence, was required to accept as true certain other findings of probative facts not assailed by specification of insufficiency, which probative facts were not such as to make of the findings assailed mere conclusions of law rather than findings of the ultimate facts. The question as to the sufficiency of the evidence to support the assailed findings is to be determined solely from the admissions of the pleadings and the evidence given upon the trial.

Coming to a consideration of these matters, we find sufficient ground for sustaining the action of the lower court in granting a new trial. The evidence was such as to warrant the trial court in concluding that the facts were in no material respect different from those in *Parker* v. *Otis,* 130 Cal. 322, 330, [92 Am. St. Rep. 56, 62 Pac. 571, 927], where the transaction was pronounced to be similar to that involved in *Sheehy* v. *Shinn,* 103 Cal. 325, [37 Pac. 393]; *Kullman* v. *Simmens,* 104 Cal. 595, [38 Pac. 362], and kindred cases, and therefore prohibited by the constitutional provision. The facts, as briefly stated by this court in that case, were as follows: "Plaintiff paid to defendants certain money, accompanied by an order to purchase certain stocks; defendants went into the stock board, bought and paid for these stocks in full at the market rate; defendants then credited plaintiff with the money paid by him (which was always less than the amount paid for the stocks by defendants, or, in other words, was but a margin of the cost), and by agreement held the stock as security for their commissions, advances, and for the accumu-

lating interest thereon, with the power to sell the stocks to protect themselves against a decline in value; defendants did not keep the particular stocks purchased, but had others of like character, and could and would have delivered a like number of shares to plaintiff upon full payment of all balances due at the time upon demand; defendants acted only as agents of plaintiff and had no interest in the stocks beyond their commissions, advances, and the agreed interest.'' In the case at bar, Wickersham did not pay any portion of the purchase price, but his deposit of the three hundred and fifty shares of stock as collateral security had the same effect, and afforded the necessary margin. (See *Cashman* v. *Root,* 89 Cal. 373, 378, 379, [23 Am. St. Rep. 482, 26 Pac. 883, 12 L. R. A. 511].) It is said that plaintiffs here did not have power to sell the stocks at any time to protect themselves against a decline in value, and that therefore one of the essential elements of a sale on margin was absent. We are of the opinion that the evidence was such as to fully warrant the inference that such power to sell was present. Plaintiffs' contention to the contrary is based entirely upon the theory that Wickersham had become the owner of the one thousand shares, and as such owner had delivered the same in pledge, but the evidence was not such as to compel the court to accept such theory. According to the evidence of one of plaintiffs' witnesses, Wickersham had stated to him that after the stock had depreciated he had gone to plaintiffs and told them not to sell him out, and that they had promised that they would not, thus indicating his understanding of their agreement to be that they had the power to sell. There was nothing in the testimony of plaintiffs' witnesses as to statements made by Wickersham to them as to his transaction with plaintiffs, to compel a conclusion contrary to that reached by the court below on the motion for a new trial. The creditors' claim based on this transaction first presented by plaintiffs to defendant's executrix for allowance, verified by the oath of one of the plaintiffs, stated the facts in such a way as to clearly and necessarily bring the transaction within the constitutional prohibition, and this, as we shall presently show, was competent evidence of admission against interest.

Plaintiffs rely on *Maurer* v. *King,* 127 Cal. 114, [59 Pac. 270], as establishing that in this case there was no contract

for the delivery of stock at a future day, but we cannot see
that the case is in point.  In part payment of the purchase
price for certain real property, one Smith had delivered to
Maurer one thousand shares of the stock of a mining company
at fifty cents per share, making five hundred dollars thus paid,
and to save Maurer from loss on the stock, guaranteed in
writing that it would be worth that sum inside of two years
from date, and if Maurer held it for two years and so re-
quested, he, Smith, would take it from him and pay him for
it at that rate.  This guaranty was upheld.  It was said that
there was here no contract prohibited by the letter of the
constitutional inhibition, nor any attempted evasion thereof,
but a simple guaranty that property delivered in payment at
a fixed price would be worth that price within two years, and
if not worth it that the party delivering it would take it
back and pay the amount in cash.  It is manifest that the case
in no degree assists plaintiffs.

It is not necessary for us on this appeal to go further than
to hold that the evidence was such that it would have suf-
ficiently supported findings in favor of defendant upon the
question as to the nature of the transaction between plaintiffs
and Wickersham.  As to this, we have no doubt.

It is earnestly claimed that the creditors' claim first pre-
sented by plaintiffs to defendant for allowance was not ad-
missible as evidence of admission against interest on the part
of plaintiffs.  After the rejection of this claim by defendant,
a second claim in different terms was presented, and it was
this claim that was in fact relied upon by plaintiffs on the
trial of the action.  The verified statement as to the nature
of the transaction contained in the first claim was undoubtedly
opposed to the claim made by plaintiffs on the trial.  Ordi-
narily, where one has made statements opposed to the claim
he asserts in an action, these statements are admissible against
him as admissions against interest.  Their force as admissions
may be impaired and perhaps entirely destroyed by explana-
tion of the circumstances under which they were made, but
they are admissible, and are to be considered in connection
with such explanations as may be made concerning them.  We
know of no principle under which the claim could be held
inadmissible here.  Plaintiffs seek to bring the case within
the rule established in this state to the effect that where a

party to an action amends a pleading, statements in the superseded pleading cannot be used as admissions against interest on the part of the person making them. (See *Mecham* v. *McKay*, 37 Cal. 154, 165; *Ponce* v. *McElvy*, 51 Cal. 222; *Wheeler* v. *West*, 71 Cal. 126, 128, [11 Pac. 871]; *Ralphs* v. *Hensler*, 114 Cal. 196, 198, [45 Pac. 1062]; *Miles* v. *Woodward*, 115 Cal. 308, 316, [46 Pac. 1076].) This rule, the soundness of which has been disputed elsewhere (see 2 Wigmore on Evidence, sec. 1067), has never been held applicable except as to statements in a pleading in an action, which have been omitted by amendments made thereto, and we can see no good reason for extending it. Clearly, a creditor's claim against an estate is in no sense of the word a pleading, nor is there any such thing known to our law as the amendment of such a claim. The fact that such a claim must be presented prior to the institution of an action against an estate is entirely immaterial. The case is simply that of one who has presented a bill or demand embodying certain statements as to the facts upon which it is founded, and who subsequently seeks to maintain an action utterly inconsistent with the facts he has heretofore asserted. We can conceive of no good reason why the general rule as to the admissibility of evidence of admissions against interest was not applicable in the case of the claim under discussion.

From what has been said, it follows that the order granting the new trial must be affirmed.

As to the appeal from the judgment.

We are unable to agree with the learned judge of the trial court in his conclusion that there was such a variance between the facts as set forth in the second claim presented against the estate and in the complaint, and the facts proven by plaintiffs and found by the court, as to preclude a recovery.

There was no substantial variance between the facts set forth in the claim and those alleged in the first count of plaintiffs' complaint.

It was alleged therein that Wickersham agreed to repay to plaintiffs the advances made by them in the purchase of said stock, and the usual commissions for the purchase, within ninety days from the date of the agreement, with interest on the amount thereof, from the date of the advance until paid, at the rate of six per cent per annum, and the court found

that there was no agreement as to the time of payment, and no agreement as to the payment of any interest. These variances between the complaint and the findings are not claimed to be material.

The claim and complaint allege the transaction between the parties to have been fully had on March 5, 1901, and substantially allege the transaction to have been that plaintiffs were employed by Wickersham as his agents to purchase the stock for him, they to advance for him the purchase price, which he agreed to repay within ninety days with commissions and interest, and that he deposited with plaintiffs as security for the payment his three hundred and fifty shares of stock, and that it was agreed that plaintiffs should also hold the one thousand shares of stock purchased by them as security. The complaint further alleged the delivery of the one thousand three hundred and fifty shares in pledge. The trial court found that the one thousand shares were ordered by Wickersham on March 5, 1901, and on that day purchased *and delivered by plaintiffs to Wickersham,* they advancing the purchase price, and that Wickersham then agreed to repay said amount and broker's commissions, and that on the next day, he, voluntarily and without any request on the part of plaintiffs, deposited as security his three hundred and fifty shares, and then agreed with plaintiffs that they should also hold the one thousand shares purchased as additional security, and thereupon delivered to plaintiffs the whole one thousand three hundred and fifty shares in pledge. The court further found that Wickersham purchased the stock in good faith as an investment, and that it was contemplated between the parties that Wickersham would soon pay his indebtedness and take up the stock. It is claimed by defendant that if the findings of the court show a state of facts upon which plaintiffs could recover at all, it was due solely to the facts stated therein which were not alleged in the claim—that the allegations of the claim taken alone, not stating the elements of fact which took it from the operation of the constitutional prohibition already discussed, showed a case within that prohibition, and therefore that the claim was void on its face. We are unable to assent to the proposition that the claim presented established by its allegations its own invalidity, and this, undoubtedly, was the view of the trial court in overruling a

general demurrer to the complaint, stating substantially the same facts as those stated in the claim. The claim read fair enough upon its face, not stating facts which necessarily put it under the ban of the constitution. Whether the transaction was, in fact, in contravention of the constitutional provision, was a question of fact that could only be determined by a consideration of the circumstances under which it was had, and the conduct of the parties in reference thereto (see *Kullman* v. *Simmens*, 104 Cal. 595, 599, [38 Pac. 362]), and plaintiffs were not required to show those circumstances in their claim. It is not required that a claim against an estate should state the facts with all the preciseness and detail required in a complaint, and the sufficiency of such a claim is not to be tested by the rules applicable to pleadings. It should of course, as said in *McGrath* v. *Carroll*, 110 Cal. 79, 83, [42 Pac. 466], "sufficiently indicate the nature and amount of the demand to enable the executor and judge in probate to act advisedly upon it," and this, we think, the claim in question did. Undoubtedly, the cause of action established by the findings is precisely the cause of action attempted to be set out in the claim and in the complaint. By all, the claim asserted was one for money advanced by plaintiffs to the use of Wickersham, which he had agreed to repay. The case came fully up to the requirements of the rule declared in *Lichtenberg* v. *McGlynn*, 105 Cal. 47, [38 Pac. 541]; *McGrath* v. *Carroll*, 110 Cal. 79, [42 Pac. 466], and kindred cases, to the effect that a plaintiff can recover only upon the claim which has been presented and rejected, and cannot recover upon any other cause of action. (See, also, *Thompson* v. *Orena*, 134 Cal. 26, [66 Pac. 24].)

Even if the variance between the allegations of the complaint and the proof were such as to have actually misled the defendant to her prejudice in maintaining her defense upon the merits, they could not be held to be such as to constitute the case one of failure of proof under section 471 of the Code of Civil Procedure, and full and adequate remedy could have been afforded both parties by an order of amendment of the complaint upon such terms as might be just. (Code Civ. Proc., sec. 469.)

It cannot be held that the facts actually found by the court showed a transaction within the constitutional inhibition.

We have discussed the points made by defendant in support of the judgment, and are of the opinion that the same are not sustainable. In reversing the judgment we are satisfied that a new trial of the issues made by the complaint and the answer should be ordered. That the power to so order a new trial under the circumstances here existing is vested in this court there can be no doubt. (See Code Civ. Proc., sec. 53; *Schroeder* v. *Schweizer*, 60 Cal. 467, 471; *Merrill* v. *First Nat. Bank*, 94 Cal. 59, [29 Pac. 242].) This is eminently a proper case for the exercise of that power. It would be a most peculiar and unjust conclusion of this action, should it be finally adjudged herein that plaintiffs should recover a balance due them upon the contract between them and Wickersham, on the theory that the contract was valid, and that the defendant should recover property of Wickersham held by plaintiffs as security for the performance of the same contract, upon the theory that the contract was void, and yet such might be the result were we to order judgment for plaintiffs on the findings. The real question is as to the nature of the transaction had between plaintiffs and Wickersham, and the final determination of that question must settle all the claims involved in this action. The case here is precisely like that of *Schroeder* v. *Schweizer*, 60 Cal. 467, 471, in that the respondent obtaining judgment on the findings as they stood was not called upon to except to them in the lower court or to bring up the evidence by bill of exceptions to show that they were not sustained thereby. Unless this court can satisfy itself from the record as to the ultimate rights of the parties, it will not undertake in reversing a judgment to finally settle the same.

The portion of the judgment appealed from is reversed, and the cause is remanded for a new trial, with leave to the parties to amend their respective pleadings as they may be advised. The order granting defendant's motion for a new trial of the issues arising upon defendant's second amended cross-complaint and the answer of plaintiffs thereto is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.