[Civ. No. 2959.   First Appellate District, Division One.—November 12, 1919.]

JOSEPHINE RONCELLI, Administratrix, etc., Appellant; v. JAMES FUGAZI et al., Administrators, etc., Respondents.

[1] EVIDENCE—MONEY PAID DECEDENT—ACTION AGAINST ADMINISTRATORS—TESTIMONY OF PLAINTIFF INADMISSIBLE.—In an action against the administrators of the estate of a deceased person to recover a sum of money alleged to have been placed in the hands of the deceased to be held in trust for the use and benefit of the depositor, the testimony of the plaintiff, administrator of the estate of the depositor, relating to facts and matters occurring before the death of defendants' intestate, is inadmissible.

[2] ID.—RECOVERY OF TRUST FUND—PLEADING—INHIBITION OF SECTION 1880, CODE OF CIVIL PROCEDURE, NOT APPLICABLE.—If the money sued for in such action constitutes a trust fund, to the possession of which plaintiff, in her representative capacity, is entitled, the inhibition of section 1880 of the Code of Civil Procedure against such testimony does not apply; but in order that the suit might be regarded as one in equity to recover a specific trust fund it is necessary for the plaintiff to allege that the identical trust property, or its substituted new form, is traceable into the estate of defendants' intestate, and thus into the possession of his representatives.

[3] ID.—INABILITY TO IDENTIFY TRUST FUND—STATUS OF BENEFICIARY.—Where the trustee of a trust fund dies and the beneficiary is unable to identify the trust fund, or to follow it through its mutations, he is placed in the position of a general creditor of the deceased.

[4] ID.—MEANING OF WORD "PARTIES"—CONSTRUCTION OF CODE.—The word "parties," as used in subdivision 3 of section 1880 of the Code of Civil Procedure, is broad enough in meaning to apply to a party to the record suing in his representative capacity.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank J. Murasky, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. C. Cavitt for Appellant.

James A. Bacigalupi and John O'Gara for Respondents.

BARDIN, J., *pro tem.*—The appeal is from the judgment rendered in favor of the defendants as administrators of the estate of John F. Fugazi, deceased. It is claimed by the appellant, who is the administratrix with the will annexed of the estate of Frank Roncelli, deceased, that the judgment should be reversed and the cause remanded for a new trial for two reasons: (1) That the trial court erred in refusing to allow the said administratrix to testify as to matters of fact occurring during the lifetime of John F. Fugazi, deceased; and (2) that the evidence is insufficient to sustain certain of the findings of the trial court.

The allegations of the complaint, briefly stated, are to the effect that on or about the first day of July, 1903, Frank Roncelli, since deceased, placed in the hands of John F. Fugazi, also now deceased, the sum of eighteen thousand dollars, to be held in trust by the said Fugazi for the use and benefit of said Roncelli, and that said Fugazi promised and agreed to hold the said money so deposited with him in trust and to pay the said Roncelli not less than four per cent per annum interest on the said money, and to hold the said interest and the said principal in trust for the use and benefit of said Roncelli and to repay the said sum of eighteen thousand dollars, together with the accumulated interest thereon, on demand.

It is further alleged in the complaint that said Roncelli died on or about January 17, 1906, and that on or about the third day of January, 1908, letters of administration with the will annexed, upon the estate of said Roncelli, were, after due proceedings, issued to Josephine Roncelli, the plaintiff herein, who thereupon entered upon the discharge of her duties as such administratrix; that said plaintiff demanded of said Fugazi the repayment of said sum of eighteen thousand dollars, together with accrued interest thereon, but that said Fugazi failed, refused, and neglected to pay the said sum or any part thereof, and that the whole thereof is now due, owing, and unpaid.

The complaint contains the further allegations that said Fugazi died about June 4, 1916; that letters of administration of his estate were duly issued to the administrators, named herein; that notice was given by said administrators to the creditors of said deceased to present their claims against the said estate, and that within the period prescribed

by law the plaintiff presented her verified claim on behalf of the estate of Roncelli for the said sum of eighteen thousand dollars, and interest, for approval and allowance.

The further recitations of the complaint are to the effect that the administrators failed and neglected and for a period of exceeding ten days after the presentation of the verified claim of the plaintiff to either allow said claim or pass upon it, and have since refused and neglected so to do, and that the plaintiff elects to consider the claim refused.

A copy of the claim referred to is attached to the complaint and is of the usual form and recites that plaintiff makes a claim against the estate of Fugazi for "moneys had and received and held in trust by said John F. Fugazi, for the use and benefit of and belonging to Frank Roncelli," in the sum of eighteen thousand dollars, together with interest at the rate already referred to. The claim has affixed to it the usual creditor's affidavit.

The prayer of the complaint is for the sum of eighteen thousand dollars, together with interest at the rate of four per cent from the first day of July, 1903, and for general relief.

[1] At the trial Josephine Roncelli took the stand as a witness in her own behalf as plaintiff, whereupon her counsel sought to show by her testimony certain relevant facts relating to the claim against the estate of Fugazi, but which solicited testimony related to facts and matters occurring before the death of said Fugazi. Counsel for the defendants urged the inhibition of subdivision 3 of section 1880, of the Code of Civil Procedure, and the court sustained the objection. The section referred to, so far as applicable to this case, is as follows: "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person."

It seems clear to us from the averments of the complaint, and in view of the theory upon which the cause was actually tried, that it was intended by plaintiff to prosecute an action to establish a claim or demand against the estate of a deceased person, and not one where the aid of a court of

equity was sought to procure appropriate relief appertaining to a trust fund. Such being the situation as we view it, the testimony of Josephine Roncelli was inadmissible.

[2] Since the trial of the action the plaintiff has changed counsel and now raises the point, not suggested in the court below, that the action is one to recover a trust fund, and that, therefore, the ruling of the court as to the competency of the witness referred to should be reviewed in the light of the rule laid down in *Myers* v. *Reinstein,* 67 Cal. 89, [7 Pac. 192], and in *Tyler* v. *Mayre,* 95 Cal. 160, [27 Pac. 160, 30 Pac. 196], where it is held that in actions against a decedent's representative to enforce a trust the inhibition of the section does not apply.

If the moneys sued for constituted a trust fund, to the possession of which plaintiff, in her representative capacity, was entitled, then the doctrine of those cases, of course, would apply. But we do not regard the present action as being one to recover a specific trust fund, or the fruits of such a fund. In order that the suit might be regarded as one in equity to recover a specific trust fund, it was necessary for the plaintiff to have alleged that the identical trust property, or its substituted new form, was traceable into the estate of Fugazi, and thus into the possession of his representatives. (*McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466]; *Lathrop* v. *Bampton,* 31 Cal. 17, [89 Am. Dec. 141].) The complaint fails to meet this requirement. As stated in *Orcutt* v. *Gould,* 117 Cal. 315, [49 Pac. 188]: "To justify a recovery a beneficiary must be able to follow and identify the property, either in its original or substituted form." And, in the case of *Lathrop* v. *Bampton, supra,* in speaking of a money trust fund, the court said: "The identity of a trust fund consisting of money may be preserved so long as it can be followed and distinguished from all other funds, not by identifying the individual pieces or coins, but by showing a separate and independent fund or value, readily distinguishable from all other funds."

[3] Where a beneficiary is unable to identify a trust fund, or to follow it through its mutations, he is placed in the position of a general creditor. (*Byrne* v. *Byrne,* 113 Cal. 294, [45 Pac. 536]; *Orcutt* v. *Gould, supra.*) The rule

is concisely stated in *McGrath* v. *Carroll,* 110 Cal. 79, [42 Pac. 466], in the following words:

"*Lathrop* v. *Bampton, supra,* (31 Cal. 17, [89 Am. Dec. 141]), holds that equity will enforce a trust against the personal representatives of a deceased trustee, and *without the presentation of a claim against the estate,* when the identical trust property or its product in a new form can be traced into the estate and so into the possession of the representatives. But a beneficiary who is unable to do this must rely on the personal liability of the trustee, and so relying has only a claim against the estate which must be duly presented for allowance.

"But such a claim is still based upon the trust, whatever that may have been. It has its origin in the trust, and depends for its validity upon the legality and sufficiency of the trust. The fact that the beneficiary is obliged to present his claim and look like a general creditor to the assets of the estate for payment, does not change the nature of his demand, which is still one for property due under a trust accounting; it merely has changed his remedy."

Thus it is that whether the instant action be regarded as one to establish a claim based on a debt, or one growing out of a trust relationship, the inhibition of the statute must prevail. From a review of the colloquy between the court and counsel for the respective parties, which arose at the time the plaintiff was presented as a witness, it appears that the disqualification of the witness was made to rest, by the ruling of the court, upon the fact that she was a party to the record, and thus came within the restraint of the section under discussion. We think this view of the trial court was correct.

At common law no person was permitted to become a witness in an action or proceeding in which he was a party, or in which he was interested (40 Cyc. 2244). This disability has been abrogated by various enabling acts in the different jurisdictions of the United States, containing, however, as a general rule, exceptions similar in import to those contained in our own statutes. (Code Civ. Proc., secs. 1879, 1880.)

[4] While section 1880 of the Code of Civil Procedure has often received the consideration of the appellate courts of this state, the reports do not show it to have been previ-

ously involved in an inquiry to determine whether the word "parties," as therein used, is broad enough in meaning to apply to a party to the record suing only in his representative capacity. This question is purely one of interpretation. We can neither abridge nor extend the scope of the terms of the section, nor should we concern ourselves with the philosophy of the rule established by the section, or speculate as to the motives which impelled the legislature to enact it, except it be in aid of the discovery of the real meaning of its terms. The very words of the statute must control. (*Moore* v. *Schofield,* 96 Cal. 486, [31 Pac. 532].) Its inhibitions have been held to apply to the testimony of a person who is merely a nominal party to an action. As stated in *Blood* v. *Fairbanks,* 50 Cal. 420: " . . . the statute does not merely exclude parties who have or are supposed to have any interest adverse to the estate of the decedent, but, by its terms, renders all nominal parties to the action incompetent." In *Merriman* v. *Wickersham,* 141 Cal. 567, [75 Pac. 180], it was held that a stockholder and director of a corporation was not excluded from testifying, the disqualifications proper to apply being only such as the statute imposed.

In framing the exceptions provided by section 1880, to the general enabling act (Code Civ. Proc., sec. 1879), the legislature must have intended to use the word "parties" in its usual and appropriate meaning in law. (Code Civ. Proc., sec. 16.) If it had been intended to render the testimony of a party to the record, suing in his representative capacity, admissible under the circumstances stated in the statute, it would have been a very simple matter to have so declared in the statute itself, as was done in the Washington statute, where it is provided that the exclusion of the testimony of a party to the record "shall not apply to parties of record who sue or defend in a representative or fiduciary capacity and who have no further interest in the action." Since our statute of exclusion uses the word "parties" in its broad generic sense, we do not deem it proper to restrict its meaning to smaller compass, thus confining its application to parties to the record suing in their individual capacities.

Under an Ohio statute providing that "A party shall not testify where the adverse party is . . . an executor of

a deceased person,'' etc., the supreme court of that state held that the inhibition of the statute applied to an executor prosecuting an action in his representative capacity against the defendant as executrix. (*Farley* v. *Liscy,* 55 Ohio St. 627, 45 N. E. 1103.) In that case the court said: "True, the plaintiff was prosecuting the action in his representative character, as executor of the lessor; but the issues in the action were joined between him, as such, and the defendant; and he was interested in maintaining the issues in his behalf, not only in his representative capacity, but individually also, tc the extent, at least, that his compensation was affected by the amount recovered in the action. The statute has reference to the adverse character which the parties sustain towards each other as parties in the action at the time of the trial, and not necessarily to that relation as parties to the transaction which is the subject of the action or defense; and, unless these parties were adverse, there were none in the action, for they were the only parties. It is said the plaintiff might have resigned as executor, and then he would have been competent to testify as desired; but then he would no longer be a party to the action, and therefore not within the inhibition of the statute. But, being a party to the action when his testimony was offered, it was properly excluded.''

The objection that findings 1, 2, and 3 of the court below do not find sufficient support in the evidence is without merit. At the trial of the action the defendant rested on the evidence produced by the plaintiff, which was of a desultory and unsatisfactory nature. The burden of proof rested upon the plaintiff. It was proper and necessary that the court find on all the material issues framed by the pleadings. If sufficient evidence to satisfy the mind of the court was not produced by the plaintiff in support of her complaint, the findings should have been against the party upon whom the burden of proof rested. (*Speegle* v. *Leese,* 51 Cal. 415; *Leviston* v. *Ryan,* 75 Cal. 293, [17 Pac. 239].)

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.