ELI W. GIDDINGS vs. EDWARD A. PALMER & another.
CHARLES D. PALMER vs. ELI W. GIDDINGS & another.

A. and B., in dissolving partnership, set off, each to the other, a specific part of the assets of the firm, and each as to the other assumed and agreed to pay a specific part of its liabilities. Among the liabilities assumed by B. was a promissory note due from the firm to his father. But instead of applying his portion of assets to pay this note, B. applied them (with the knowledge of his father that such an application was a violation of the understanding with A.) to pay a debt which he, with his father as surety, was owing individually, and another debt which he was individually owing to his father. And then his father sued A. on the firm's note. *Held*, that the assets of the firm set off to B. were subject to no trust for the payment of the note, which A. could enforce in equity against B. and his father; and that the action on the note could be maintained.

THE FIRST CASE was a bill in equity, filed August 30, 1869, by one of the members of the former firm of Giddings & Palmer, against Edward A. Palmer, the other member thereof, and Charles D. Palmer, his father ; praying for a decree to compel the defendants to surrender to a receiver, to be appointed, any and all property in their possession which was assets of the firm, to be by the receiver applied to payment of the firm's debts ; and for an injunction to restrain said Charles D. Palmer from further prosecuting

THE SECOND CASE, which was an action of contract begun by him in the superior court May 6, 1867, against said Giddings and Edward A. Palmer, upon a promissory note of the firm of Giddings & Palmer, dated January 10, 1867, for $1138, payable on demand to the plaintiff, and indorsed with an acknowledgment of the receipt of $300 on February 12, 1867 ; in which action Edward A. Palmer was defaulted.

This action was referred to an auditor, and at June term 1869 of the superior court was submitted on his report as a statement of agreed facts. Judgment was ordered thereon for the defendant Giddings, and the plaintiff appealed.

The suit in equity was referred to the same person as master in chancery, who was the auditor in the action at law, and was reserved on the pleadings and his report, by *Colt*, J., for the determination of the full court. The cases were argued together and the material facts appear in the opinion.

*J. Dewey, Jr.*, for Giddings.

*M. Wilcox, (B. Palmer* with him,) for the Palmers.

CHAPMAN, C. J.    When a person suffers loss in consequence of giving credit to parties who are insolvent, a court of equity cannot always give him relief.   The plaintiff in this suit in equity seems to have suffered from this cause, and it arises partly from his neglect to avail himself of the security which he had in his possession.   He asks the court to protect him by injunction against the action now pending against him in favor of Charles D. Palmer on a note for $1138, given by Giddings & Palmer.   The master's report finds that this note was given by Edward A. Palmer without the knowledge of Giddings, but was given for money received and used for the benefit of the copartnership with the knowledge and consent of Giddings.   The firm also, with the plaintiff's consent, sold Charles D. Palmer a pair of horses and a wagon for $300, which sum he indorsed on the note.   The plaintiff was thus liable originally for the note, and had recognized its validity afterwards.   But he also relies upon other facts as constituting equitable grounds for resisting the collection of the note.

He had been a partner in trade, in 1866, with one Alfred Gardner, carrying on the business of an ordinary country store.   In July of that year, the defendant Edward A. Palmer purchased the interest of Gardner in the concern, and became associated with the plaintiff in business, under the firm of Giddings & Palmer.   He was the son of Charles D. Palmer, and obtained from him certain securities, which he paid to Gardner, and afterwards exchanged them for a note of $1000, signed by himself and his father, and payable to Gardner.

About February 1867 Giddings & Palmer sold their stock in trade to one Dyer D. Stannard, with the exception of some small articles, and took of him twelve notes of $100 each.   They were given by Junius P. Adams, and were secured by mortgage and otherwise.   The plaintiff then had a right to have these assets, and all the other assets of the firm, applied to the partnership debts ; and might have enforced his claim in equity.   But instead of protecting himself in that way, he divided the assets with his copartner, each taking a portion of the notes and ac-

counts, and each at the same time assuming and agreeing with the other to pay certain specified debts then due and owing by the firm.  They ceased to do business; and, having divided the assets, were no longer partners, nor had they any partnership property.  '

Among the assets assigned to Palmer and taken by him, were the Adams notes of $1200; and among the debts assumed by him was the balance of the $1138.  But the plaintiff parted with his lien upon the Adams notes to pay the debt; and relied upon the promise of his partner to pay this debt, as his partner relied upon his promise to pay other debts.  His partner did not take the notes subject to any trust, but by the plaintiff's assignment of them took an absolute property in them; and the plaintiff then parted with his interest in the partnership property, without taking any security, and relying merely on the promise of Palmer to pay his share of the debts, the debt to his father among others.

The court cannot annex a trust to the Adams notes, which the plaintiff neglected to provide for; or rather, a trust which he released.  Courts can enforce trusts, but cannot renew them for parties who release them.  The effect of the division of the assets was, to give the absolute title to each partner, and to reduce his responsibility to pay his share of the debts to a mere matter of ordinary contract, as to his copartner.

The defendant Charles D. Palmer knew how the parties were situated, and what they had agreed to do; and with his knowledge and assent, his son sold the Adams notes, and, instead of paying his father's note with the avails, paid the note which he and his father had given to Gardner.  He also sold some of the assets which had been assigned to him, and applied the avails to the payment of money which his father had advanced to him to pay Gardner.  All this was in violation of his contract with the plaintiff, as his father well knew; and it was inequitable in the same sense that it is inequitable for any person to pay money on his unsecured debt, while he is leaving a surety to pay one of his other debts.  But the money with which he paid his father was not subject to any trust which the law can enforce.

*Bill dismissed, with costs.*

In the action at law, the note in suit was the note of Giddings & Palmer. Giddings sold to Edward A. Palmer his interest in the Adams notes and the other notes credited to him by the auditor, and after such sale had no legal right to have them applied on the plaintiff's note. The facts and principles applicable to the case are fully stated in the opinion in the case in equity.

*Judgment for the plaintiff.*