WILLIAM G. WHITE *vs.* EDWARD W. CHAPIN & another.

Hampden.    January 6. — February 27, 1883.

Upon the dissolution of a partnership existing between A. and B., all matters
  between them were settled with the following exceptions: after the death of
  B. a sum of money due to the partnership was held by a third person, and
  the proper distribution of this money was submitted by A. and the adminis-
  trator of B. to an arbitrator, under whose award one half was paid to each
  party.  Subsequently A. learned that B. received, during the continuance of
  the partnership, a sum of money on partnership business, which had not been
  entered on the books or accounted for by him, one half of which belonged to
  A.  B.'s estate had been represented insolvent, a partial distribution to creditors
  was made under order of court, and the balance in the administrator's hands
  was less than the amount remaining due to creditors; and no debts were due
  to or from the firm.  *Held,* that A. could not maintain a bill in equity against
  B.'s administrator and C., who held the sum so received and unaccounted for
  by B., to enforce payment of the share of said sum belonging to A.

C. ALLEN, J.   This is a bill in equity, brought by the surviv-
ing partner of a firm of attorneys and counsellors at law, against
the administratrix of the estate of his deceased partner, and
another person alleged to be in possession of funds belonging to
said estate, in which the plaintiff seeks to obtain a settlement of
the partnership affairs, and to compel the payment of what will
be found to be due to him on such settlement.   By the bill,
answers, and the report of a master to whom the cause was re-
ferred, the following facts appear : The partnership terminated
on June 1, 1878; the deceased partner died on October 25, 1879;
the administratrix was appointed on November 5, 1879; the
deceased partner's estate was represented insolvent on April 6,
1880; a partial distribution to creditors was made, under order
of the Probate Court passed in April 1881; the administratrix
has in her hands a balance of $1068.11; and the balance re-
maining due to creditors is more than the amount of the funds
on hand.   No debts are due to or from the firm ; and all matters
between the partners were settled between themselves, with
the following exceptions : After the death of the deceased part-
ner, a certain sum of money, due to the partnership, was held
by a third person, and the proper distribution of this money was
submitted by the plaintiff and the administratrix to a reference,
and an award was made, and the money was paid over, in part
to the plaintiff, and in part to the administratrix, in pursuance

of the award. The amount so paid to the administratrix was $950. After this was done, the parties believed that all matters of the firm were settled. Subsequently, however, in March 1881, the plaintiff learned that his deceased partner received, during the continuance of the partnership, a sum of money on partnership business, which had not been entered upon the books or accounted for by him; and the master found that this sum so unaccounted for was $695, one half of which belonged to the plaintiff. The plaintiff, indeed, contended that the amount so due to him was greater, and alleged exceptions to the master's report; but we think these exceptions must be overruled, and it is not material to dwell upon them further. Upon the master's report, the plaintiff is justly entitled to a balance of $347.50, with interest, as the amount due to him upon a settlement of the partnership; and the question remains, whether the bill can be maintained to enforce the payment of that sum to him out of the funds in the hands of the defendants, or whether he must be remitted to the Probate Court to make proof of his claim, and share *pari passu* with the general creditors of the deceased.

The plaintiff is not entitled to maintain this bill by reason of the money collected by the deceased partner in his lifetime. That money was not ear-marked, or distinguishable from the mass of his property, and in the hands of the administratrix is not subject to any trust or equitable lien. *Trecothick* v. *Austin*, 4 Mason, 16, 29. *Johnson* v. *Ames*, 11 Pick. 173, 181.

Any lien which the plaintiff might have had upon the funds in the hands of the third person, after the decease of his partner, was lost by the distribution and payment of it under the award. This was equivalent to a division of the funds by agreement. *Lingen* v. *Simpson*, 1 Sim. & Stu. 600. *Giddings* v. *Palmer*, 107 Mass. 269. 1 Lindley on Part. (4th ed.) 680, 683. The administratrix received the portion paid to her, not as partnership assets, and not on any trust, express or implied, but as the share to which the deceased was entitled; and, unless in case of fraud or mistake, which we do not here take into consideration at all, the plaintiff cannot follow the money specifically.

*Bill dismissed.*

*W. G. White*, pro se.
*E. W. Chapin*, for the defendants.