JULIA A. HOWARD & others *vs.* CYRUS FAY & another.

Worcester.   Oct. 4. — Nov. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

If A., the trustee of a fund, misappropriates and mingles it with his own property, and with it pays off mortgages on his own real estate, and buys with it, in whole or in part, other real estate, and, becoming insolvent, conveys all his property to B., who knows that the trust fund has been so misapplied, upon the consideration that B. shall pay A.'s debts, and the whole of 'it is not expended in the payment of such debts, a bill in equity to have B. declared a trustee of the original fund cannot be maintained, if the bill does not specify any property which it identifies with the trust fund.

DEVENS, J.   This bill in equity alleges that the defendant Wadsworth has incorporated a trust fund, of which he had charge, and in which the plaintiffs have an interest, with his own property ; that, having mingled it with his own funds, he has used it in paying off mortgages on his own estate, and purchased with it, in whole or in part, real estate ; that he thereafter became insolvent; and that judgment has been rendered against him upon his bond for the large sum thus wrongfully mingled and misapplied by him.   It further alleges that Wadsworth, having become insolvent, made a conveyance of his property to the defendant Fay upon the consideration that Fay should pay said Wadsworth's debts ; that Fay has not expended the whole property in the payment of debts ; that some portion thereof still remains unexpended, he having settled with many of Wadsworth's creditors at less than the face value of their claims ; that the conveyances were made to Fay "upon his voluntary offer to take absolute conveyances of all the real and personal property of said Wadsworth, discharged of and free from any trust towards said Wadsworth, and settle with the said Wadsworth's creditors in the stead and place of said

Wadsworth; and that there was no other or further considera-
tion for said conveyances."

The bill further alleges that Fay took the conveyances " with
notice and full knowledge" that this trust fund had been mis-
applied by Wadsworth and converted to his own use, and had
been incorporated into the property of said Wadsworth con-
veyed to him in whole or part; and that therefore Fay became
thereby the equitable trustee of the trust fund thus misapplied,
" charged with and bound to execute and perform the trust with
which said Wadsworth was charged," and was bound to pay over
to the plaintiffs the trust fund thus mingled with his own funds
and thus misappropriated.

From this somewhat full statement of the bill, it will be seen
that the plaintiffs seek to have the defendant Fay declared
equitably a trustee of the original trust fund, not because he
has, with knowledge of its misappropriation, received any fund
or any specific portion thereof which can now be identified, nor
because he has received any particular piece of property which
the bill can identify or describe, which was, with the knowledge
of Fay, purchased either in whole or in any defined part by
the trust fund. It seeks to make Fay responsible as trustee,
because he has dealt with Wadsworth, knowing that Wads-
worth had wrongfully mingled the trust fund with his own
estate, by which misappropriation his means had been aug-
mented. It specifies no property conveyed to Fay, which, with
his knowledge, was paid for in whole or in part by the trust
fund, by reason of holding which Fay should to that extent be
held a trustee.

Those who receive trust property from a trustee in breach of
his trust become themselves trustees thereof, if they have notice
of the trust. So where a trust fund is employed to purchase in
whole or in part a particular piece of property, so long as the
trust fund can be identified, it may be followed into the hands
of any one purchasing with notice, as he has made himself an ac-
complice in the original wrongful act. The property which has
been substituted for the fund is itself impressed with the trust
originally imposed upon the fund. But it is necessary that such
property should be pointed out and identified. When the prop-
erty of an unfaithful trustee is augmented by the incorporation

into his own property of trust funds, and, with his property thus augmented, he makes purchases or conveyances, those dealing with him, even if they know him to be an unfaithful trustee, cannot be held to be trustees of property which cannot be connected with the trust fund. If one knows that a purchase is made from him with the specific funds of an estate wrongfully misappropriated, he may be compelled to repay that which he thus received. *Trull* v. *Trull*, 13 Allen, 407. But if he receive it, not as a distinct fund, and with no knowledge that would identify it as forming a part of the trust fund, his general knowledge that the party paying wrongfully used trust funds would not render him thus responsible as trustee.

As the bill points out no property which it identifies with the trust fund, it cannot be maintained; and it is not necessary to consider whether the consideration paid was a sufficient one, or whether the defendant Fay has still in his hands any portion of the property conveyed to him which the creditors of Wadsworth can now reach. The bill is not brought upon the ground that any conveyance has been made in fraud of creditors, nor is the conveyance sought to be impeached on that account.

*Demurrer sustained.*

*H. L. Parker*, for the plaintiff.
*W. T. Forbes*, for the defendant Fay.