|151   109|
|173   248|

SAMUEL LITTLE & others *vs.* JOSEPH H. CHADWICK
& others.

Suffolk.   November 22, 1889 — February 26, 1890.

Present: FIELD, DEVENS, W ALLEN, C ALLEN, & KNOWLTON, JJ.

*Will — Annuity — Trust in Specific Property.*

An executor and trustee mingled the assets of the estate, no part of which was real estate, with his own moneys, and used them all in his business, and did nothing further with respect to an annuity provided for by the will than to charge himself in his probate account with a certain sum as sufficient for that purpose, being the "balance of this account retained to pay annuity." Subsequently he failed in business, and made an assignment for the benefit of his creditors. *Held*, that none of the property assigned was affected with any trust in favor of the annuitant, and that the latter could only come in and share the proceeds thereof with the creditors.

BILL IN EQUITY by the surviving trustees under an assignment for the benefit of creditors made by Aaron D. Williams, who was the executor and trustee under the will of Nancy Williams, against such creditors, as well as certain beneficiaries under the will, for instructions as to the distribution of the proceeds of the property assigned to them.   The case was heard by *W. Allen*, J., who made a decree that none of the property assigned was charged with any trust entitling the claims of such beneficiaries to a priority over those of other creditors, but that such beneficiaries might be admitted to share with the general creditors, and reported the case for the consideration of the full court.   The facts appear in the opinion.

*G. E. Smith*, for such beneficiaries.

*H. G. Allen*, for a defendant creditor.

*W. Gaston & F. E. Snow*, for the plaintiffs.

C. ALLEN, J.   The executor and trustee under the will of Mrs. Williams, having assigned his property in trust for the benefit of his creditors, the annuitants under that will seek to establish a trust in that property, and to obtain a decree that ten thousand dollars be set apart by the assignees and appropriated to secure and raise the annuities.   It was, however,

found at the hearing that none of the property so conveyed was charged with any such trust, and this finding appears to be the only one that the evidence would warrant.

There is nothing to show that there was ever any distinct trust fund in the hands of Williams, the executor and trustee, which was represented by any specific property. He was also the residuary legatee, and nearly one half of the assets of the estate consisted of a debt due from himself. The rest was chiefly notes secured by mortgages. There was no real estate. The moneys received by Williams from the estate were mixed with his own. He paid the debts and other legacies, and rendered an account called "final," in which he charged himself with "Balance of this account retained to pay annuity of $600 per annum to Charles Bugbee, $10,000." It was his duty to set apart this sum, and to keep it separately invested, but he did not do so. The settlement of the account merely showed that he was held responsible for that sum, and if he had set it apart, as he ought to have done, the trust would have attached to the property thus set apart. But since this was never done, the trust was never impressed upon any specific property or money held by Williams. There was merely an indebtedness or liability on his part to account for that sum. This indebtedness or liability might itself be the subject of a trust, just as if it had been the indebtedness of another person. The trust, however, in such case, attaches merely to the indebtedness, and to whatever may be realized from it, and not to any particular property held by the debtor.

The view most favorable to the annuitants that could be taken is, that Williams had the sum of ten thousand dollars in money in his hands, which was retained for the purpose of raising the annuities. The evidence shows that this was not the case; but assume that it was, the trust would then attach to it as long as the money could be identified or traced, but no longer. When trust money becomes so mixed up with the trustee's individual funds that it is impossible to trace and identify it as entering into some specific property, the trust ceases. The court will go as far as it can in thus tracing and following trust money; but when, as a matter of fact, it cannot be traced, the equitable right of the *cestui que trust* to follow it fails. Under such circum-

stances, if the trustee has become bankrupt, the court cannot say that the trust money is to be found somewhere in the general estate of the trustee that still remains; he may have lost it with property of his own; and in such case the *cestui que trust* can only come in and share with the general creditors. *Johnson* v. *Ames*, 11 Pick. 173, 181, 182.  *Le Breton* v. *Peirce*, 2 Allen, 8, 13.  *Andrews* v. *Bank of Cape Ann*, 3 Allen, 313. *Harlow* v. *Deshon*, 111 Mass. 195, 198, 199.  *Bresnihan* v. *Sheehan*, 125 Mass. 11.  *White* v. *Chapin*, 134 Mass. 230. *Howard* v. *Fay*, 138 Mass. 104.  *Attorney General* v. *Brigham*, 142 Mass. 248.  *Trecothick* v. *Austin*, 4 Mason, 16, 29.  *Ferris* v. *Van Vechten*, 73 N. Y. 113.  *Frith* v. *Cartland*, 2 Hem. & M. 417.  *Isaacson* v. *Harwood*, L. R. 3 Ch. 225.  *Holland* v. *Holland*, L. R. 4 Ch. 449.  Perry on Trusts, §§ 345, 836–842. 2 Story, Eq. Jur. §§ 1258, 1259.  'Lewin on Trusts, (8th ed.) 241, 892.  There is nothing to the contrary in *National Bank* v. *Ins. Co.* 104 U. S. 54, 66–71, and in *In re Hallett*, 13 Ch. D. 696, 708–721, which are chiefly relied on by the annuitants.  In Wisconsin a majority of the court has declared that it is not necessary to trace the trust fund into any specific property in order to enforce the trust; and that if it can be traced into the estate of the defaulting agent or trustee, this is sufficient.  *McLeod* v. *Evans*, 66 Wis. 401, 409.  But this seems to us to be stated too broadly.

In the present case, there is no such thing as tracing the ten thousand dollars into any particular pieces of property covered by the assignment by Williams for the benefit of his creditors. The most that can be said is, that he had this money, and also other moneys of his own, and used all the moneys together as his own for several years in buying, building, and selling, and that he finally failed.  There is no means of ascertaining, as a matter of fact, that the trust money, if it ever was trust money, is now represented by any property in the hands of the assignees.

*Decree affirmed.*