### KENT v. KENT, et al.

No. 3000.   Decided April 26, 1917.   Rehearing Denied May 21, 1917.
(165 Pac., 271.)

1. TRUSTS—CONSTRUCTIVE TRUSTS—FOLLOWING TRUST PROPERTY.   A
   trust will not be impressed upon funds or property in the hands of
   the alleged trustee where the original trust property or trust fund
   cannot be traced or identified either in its original or substituted
   form.   (Page 47.)

2. TRUSTS—CONSTRUCTIVE TRUSTS—PLEADING.   A complaint, setting
   up the receipt of funds by alleged trustee for investment, the invest-
   ment of such money, the mingling and confusion thereof with private
   funds of the trustee, and that such trust property cannot be traced
   or segregated, *held* to preclude plaintiff from establishing trust.
   (Page 48.)

Appeal from District Court, First District; *Hon. J. D. Call,*
Judge.

Action by Emeline H. Kent against John D. Kent and
others.

Judgment for defendants.   Plaintiff appeals.

AFFIRMED.

*John A. Bagley* for appellant.

*Richards, Hart & Van Dam* for respondents.

FRICK, C. J.

The plaintiff commenced this action in equity to impress certain property with a trust and to recover the trust fund. In her complaint she alleged that:

The defendants are the executors of the estate of one Sidney B. Kent, deceased; ''that in 1881 the plaintiff was the owner of certain real property in Davis County, Utah; that at that time it was agreed by and between the plaintiff and Sidney B. Kent, deceased, that said property should be sold by Sidney B. Kent, and that he should invest the proceeds thereof in real estate and personal property in Cache County, Utah, and hold the same in trust for the use and benefit of the plaintiff; that pursuant to the said agreement between the plaintiff and Sidney B. Kent the said Davis County property was sold by Sidney B. Kent for the sum of $4,500 in cash, which said amount was received by Sidney B. Kent as trustee, pursuant to said agreement to be invested in property in Cache County, Utah, for the use and benefit of the plaintiff; that afterwards and during the lifetime of the said Sidney B. Kent, deceased, but the real dates are unknown to the plaintiff, the said Sidney B. Kent, deceased, used the said $4,500 in purchasing, acquiring, and improving real property and in purchasing personal property in Cache County, but the said Sidney B. Kent, deceased, in purchasing and improving said property, mingled the said $4,500, which he held in trust for the plaintiff, with his own private funds, and so used and invested said trust fund that it cannot now be traced and cannot be segregated from the private property of the said Sidney B. Kent, deceased; that by reason of the said agreement between plaintiff and the said Sidney B. Kent, deceased, a trust was created in favor of the plaintiff with Sidney B. Kent, deceased, trustee, and the said $4,500, thereby became a trust fund; that Sidney B. Kent died on or about the 8th day of December,

1914, and at the time of his death was a resident of Cache County, state of Utah, and at the time of his death he held the said $4,500 in trust for the use and benefit of the plaintiff; that the said Sidney B. Kent never, at any time, denied or repudiated said trust; that the said Sidney B. Kent, during his lifetime did not, and the defendants have not, paid to the plaintiff the said $4,500 or any part thereof."

Plaintiff also alleged that she had duly presented her claim to said executors for allowance, and that they had rejected the same. She prayed judgment that the trust be established, and that she recover judgment for said $4,500 with legal interest. The defendant, M. E. Kent, demurred to the complaint: (1) That it "does not state facts sufficient to constitute a cause of action"; (2) that the action is barred; and (3) that the complaint is uncertain and ambiguous in certain particulars. The two other defendants filed an answer to the complaint, which, however, has no bearing upon the case. The district court sustained the general demurrer, and, the plaintiff electing to stand on her complaint, judgment dismissing the same was duly entered, from which she appeals.

The only error assigned is that the district court erred in sustaining the demurrer. The only matter, therefore, that concerns us on this appeal is the correctness of the ruling of the district court in sustaining the general demurrer. It will be observed that the plaintiff in her complaint, among other things, alleges that:

"Deceased, in purchasing and improving said property, mingled the said $4,500 which he held in trust for the plaintiff *with his own private funds, and so used and invested said trust fund that it cannot now be traced and cannot be segregated from the private property of the said Sidney B. Kent, deceased."* (Italics ours.)

Suppose, after a trial of a case in which it is sought to impress a certain fund or property with a trust, the court should find from the undisputed evidence that the facts were precisely as they are alleged to be in the foregoing statement, would not such a finding completely dispose of the claim that there was any property or fund upon which a trust

could be impressed? Such a finding would conclusively show that the claimant had no better right to any specific property of the deceased's estate than any general creditor would have.

The courts have frequently considered and passed upon claims like the one before us, but we know of no case where it has been held that a trust could be impressed on property or funds where it is conceded to be impossible to trace or identify the property or fund, either in its original or substituted form. The law upon that subject is well stated in an early California case, entitled *Lathrop* v. *Bampton*, 31 Cal. 22, 89 Am. Dec. 141, in the following words:

"Before a cestui que trust can claim specific real or personal property he must show that it is the identical property originally covered by the trust, or that it is the fruit or product thereof in a new form. The rule upon this subject is well and concisely stated by Mr. Justice Lewis in Thompson's Appeal, 22 Pa. 17: 'Whenever a trust fund has been wrongfully converted into another species of property, if its identity can be traced, it will be held, in its new form, liable to the rights of the cestui que trust. No change of its state and form can divest it of such trust. So long as it can be identified, either as the original property of the cestui que trust, or as the product of it, equity will follow it; and the right of reclamation attaches to it until detached by the superior equity of a bona fide purchaser for a valuable consideration without notice. The substitute for the original thing follows the nature of the thing itself so long as it can be ascertained to be such. But the right of pursuing it fails when the means of ascertainment fail. This is always the case where the subject-matter is turned into money, and mixed and confounded in a general mass of property of the same description.' Story Eq. sections 1257, 1259; Tiffany and Bullard on Trusts and Trustees, 33, 34.''

In *Orcutt* v. *Gould,* 117 Cal. 315, 49 Pac. 188, and in *Elizalde* v. *Elizalde,* 137 Cal. 634, 66 Pac. 369, 70 Pac. 861, the case of *Lathrop* v. *Bampton,* supra, is approved and followed. In *Little* v. *Chadwick,* 151 Mass. 109, 23 N. E. 1005, 7 L. R. A. 570, the law upon the subject now under discussion is stated thus:

"When trust money becomes so mixed up with the trustee's individual funds that it is impossible to trace and identify it as entering into some specific property, the trust ceases. The court will go as far as it can in thus tracing and following trust money; but when, as a matter of fact, it cannot be traced, the equitable right of the cestui que trust to follow it fails.''

The foregoing case is followed in *Lowe* v. *Jones,* 192 Mass. 94, 78 N. E. 42, 6 L. R. A. (N. S.) 487, 116 Am. St. Rep. 225, 7 Ann. Cas. 551. To the same effect is *Pryor* v. *Davis,* 109 Ala. 117, 19 South. 440. Many more cases could be cited, but it is unnecessary to do so.

The doctrine announced in the foregoing cases is followed by this court in the case of *Waddell* v. *Waddell,* 36 Utah, 435, 104 Pac. 743. In that case this court did just what is said in *Little* v. *Chadwick,* supra, a court of equity should do, namely, we went just as far as we could in "tracing and following the trust money." In the Waddell Case we applied as liberal a rule as, with reasonable safety, can be applied in following trust funds and in enforcing the trust. It was, however, not held in the Waddell Case, nor in any other, so far as we are aware, that a court has ever impressed, or has attempted to impress, a trust upon certain property or upon a certain fund where the original trust property or trust fund can no longer be traced or identified, either in its original or substituted form. That is just what, under the allegations of the complaint, we would be required to do if we overruled the demurrer and permitted the plaintiff to prevail upon the allegations of her complaint.

In view of the foregoing conclusion it becomes unnecessary for us to discuss or pass on the other questions raised by the demurrer. The judgment is therefore affirmed. Respondent to recover costs.

McCARTY and CORFMAN, JJ., concur.