CHARLES SAWYER, et al., In Equity *vs.* ANNIE L. D. SAWYER.

York.    Opinion March 26, 1920.

*Mingling trust funds.    Must be identified or susceptible of identification,
or followed in kind.*

A bill in equity by beneficiaries under a testamentary trust, alleging that a
deceased trustee sold real estate of the trust, mingled the proceeds with his own
property, and later transferred all his property, both real and personal, to the
defendant, cannot be maintained, after the death of the trustee, who was
entitled to the income of said trust estate for life, to reach such proceeds in the
hands of defendant, it being admitted by plaintiffs that said proceeds cannot be
followed in kind, or be identified or susceptible of identification.

Bill in equity seeking restoration to beneficiaries, the plaintiffs,
trust funds which have been mingled with other property or lost, so
that they can not be followed in kind, or identified or susceptible of
identification. Defendant interposed a demurrer, which was sus-
tained. Plaintiffs excepted. Exceptions overruled. Bill dismissed
with costs.

Case stated in the opinion.

*Emery, Waterhouse & Paquin, and Franklin R. Chesley,* for plaintiff.
*N. B. & T. B. Walker,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN,
MORRILL, DEASY, JJ.

MORRILL, J.    Sarah E. Sawyer, late of Saco, Maine, died October
22, 1902, leaving a will which has been duly proved and allowed, by
which she devised her homestead on Beach Street, in the city of
Saco, in the following manner:

"3d.    I give and devise to my husband, John Q. Sawyer, the house
and lot on Beach Street in said Saco where we now live in trust as
follows:

He to have the use of the same so long as he lives and said Lucy to
have a home therein for the same time.

If he shall desire to sell and convey the same, he shall have the power so to do without license of probate court.

He shall then hold the proceeds of said sale in trust. Either to invest and use the income for himself or to purchase, if he wishes another home to be held in trust for himself and Lucy as above provided in regard to our present home.

4th. At the decease of my husband, I give, bequeath and devise to my son Charles and said Lucy and their heirs, to be divided equally between them whatever real or personal property may then be held by my husband under the third clause of this Will."

Her husband, John Q. Sawyer, was appointed executor of said will, and entered into possession of said homestead. On November 3, 1906, he sold the property for $3600; on January 29, 1912, said John Q. Sawyer conveyed all his property both real and personal, to his second wife, the defendant. He died December 19, 1916.

This bill in equity has been instituted by the plaintiffs, who are the "Charles" and "Lucy" mentioned in items three and four of said will, to impress upon the real and personal property so conveyed by John Q. Sawyer a trust in their favor for the payment of said sum of $3600 and interest thereon from the death of John Q. Sawyer.

There is no allegation in the bill that any part of the property which John Q. Sawyer conveyed to the defendant on January 29, 1912, or any part of the alleged trust fund, is now in the hands of the defendant, or that the alleged trust fund is susceptible of identification. The concluding allegation of the bill is:

"And the plaintiffs allege that they have a valid and just claim in the sum of thirty-six hundred dollars upon the funds which were realized from the sale of the homestead place of the late Sarah E. Sawyer and which said sum was wrongfully transferred to the defendant and wrongfully and knowingly received by the defendant, and ought now in Equity and good conscience to be returned to the plaintiffs."

To this bill a demurrer was interposed; the sitting Justice held that "the bill cannot be maintained unless the plaintiffs are able to identify said trust fund in the hands of the defendant. There being no allegation in the bill that trust fund is now in the hands of the defendant or that the plaintiffs would be able to identify it, the demurrer is sustained. Plaintiffs may amend, upon payment of

costs, by inserting an allegation in their bill that the alleged trust funds are now in the hands of the defendant and are susceptible of identification."

The plaintiffs have elected to stand upon their bill, and have argued exceptions to the ruling of the sitting Justice; in their bill of exceptions the position of the plaintiffs is thus stated: "Plaintiffs contend that John Q. Sawyer mingled the sum of thirty-six hundred dollars into his own property and so transferred it to this defendant; and that said thirty-six hundred dollars cannot be followed in kind or be identified or susceptible of identification."

We are of the opinion that the exceptions must be overruled. It is settled law that the identity of the trust fund having been lost the beneficiaries can stand in no better position than other creditors of John Q. Sawyer. *Hodge* v. *Hodge,* 90 Maine, 505, 512; *Cushman* v. *Goodwin,* 95 Maine, 353, 358; *Little* v. *Chadwick,* 151 Mass., 109; *Lowe* v. *Jones,* 192 Mass., 94, 100. The bill does not present the case of a mixed fund created by the trustee, by depositing the trust funds in a bank mingled with his own funds, as in *Hewitt* v. *Hayes,* 205 Mass., 356, or as was suggested might be the case in *Cushman* v. *Goodwin,* 95 Maine, 353, 358. As was said in *Little* v. *Chadwick,* supra, "The court will go as far as it can in thus tracing and following trust money; but when, as a matter of fact, it cannot be traced, the equitable right of the cestui que trust to follow it fails."

*Exceptions overruled.*
*Bill dismissed with costs.*