COMMISSIONER OF BANKS *vs.* COSMOPOLITAN TRUST COMPANY & others.

Suffolk. December 6, 1921. — January 14, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, & JENNEY, JJ.

*Commissioner of Banks. Equity Jurisdiction,* Bill by commissioner of banks for instructions. *Equity Pleading and Practice,* Parties. *Trust Company,* Savings department.

Mortgages and other securities to the amount of $1,243,240, held by a trust company as assets of a savings department maintained by it under the provisions of G. L. c. 172, §§ 60 *et seq.,* were pledged by it as collateral security for its notes given for loans, the proceeds of which were used wholly in its commercial department. Subsequently the commissioner of banks, acting under G. L. c. 167, § 22, took possession of its property and business, at which time the notes were unpaid and the pledged securities still were in the hands of the pledgees. The commissioner by the use of the general funds of the bank paid some of the notes and thus regained and returned to the assets of the savings department all but $607,005 of the securities. The securities not regained were sold by the pledgees. All the notes finally were paid, and the commissioner then drew on the general funds of the bank in the amount of $607,005, which he deposited with the assets of the savings department, and, by a bill in equity, sought a determination of the question, whether such transfer was "in accordance with the laws which govern the rights of the respective creditors of the" trust company, and, if so, that the transfer "be authorized" by a decree. In the bill the commissioner asked that an order of notice be issued to the trust company, and, subsequently, an answer was filed in its behalf. A creditor in the commercial department of the trust company also appeared and filed an answer in behalf of himself and other commercial depositors of the trust company. *Held,* that

(1) The commissioner of banks is in effect a trustee in his administration of a bank of whose property and business he has taken possession under G. L. c. 167, § 22;

(2) This proceeding was in the nature of a bill in equity by a trustee for instructions;

(3) The provision of G. L. c. 167, § 36, giving to the Supreme Judicial Court jurisdiction to enforce in equity the provisions of §§ 22–35 relating to the liquidation of banks by the commissioner of banks, should be so construed as to make the law as a practical measure workable to ascertain, protect and establish speedily the rights, obligations and duties arising out of the liquidation statute, to the end that the creditors and beneficiaries of the bank may be paid with as little delay as is practicable; and, while it does not authorize the commissioner to seek the approval by the court of action which he is required by the statute to take on his own responsibility, it gives to the court jurisdiction of this proceeding in the nature of a bill for instructions;

(4) It not appearing that the stockholders of the trust company could be affected adversely by a decision upon the bill, or that the trust company had any right, respecting the issues named, adverse to the position taken by the commissioner of banks, the trust company was not a necessary party to the proceeding;

(5) Since, however, the plaintiff made the trust company a party to the proceeding by asking for an order of notice to it, it had a right to appear and to be heard;

(6) The position taken by the commissioner being adverse to the interests of the creditors of the commercial department of the bank, a commercial depositor had a right to appear and to be heard on behalf of himself; and it was proper to hear him as representative of the class to which he belonged;

(7) The securities of the savings department were trust property and, under general principles of law governing the administration of trusts as well as under the express terms of G. L. c. 172, § 62, it was a gross breach of duty for the trust company to pledge the securities held in the savings department for the benefit of the commercial department;

(8) It was the duty of the commissioner, immediately upon taking possession of the property and business of the trust company, to use the resources of the commercial department to pay the notes secured by the pledge of the securities belonging to the savings department, and thus to regain those securities and to replace them in the savings department;

(9) The fact that, in the process of liquidation, the commissioner deemed it wise not to redeem all these securities but to suffer some of them to be sold by the pledgees for payment of the notes, did not affect the trust obligation;

(10) Having failed to pay the debt and thus to release, for the benefit of the depositors of the savings department, the trust securities, identified and segregated at the time of his taking possession of the property of the trust company, it became the duty of the commissioner to restore their equivalent in money value to the savings department from the funds of the commercial department.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 26, 1921, and afterwards amended, by the commissioner of banks, seeking instructions whether, in his administration of the affairs

of Cosmopolitan Trust Company, of whose property and business he had taken possession under St. 1910, c. 399, § 2, a return by him of cash in the amount of $607,005 from the commercial department to the savings department in the circumstances described in the opinion "was in accordance with the laws which govern the rights of the respective creditors of the said trust company," and, if such return "was in accordance with the law," that the court authorize the "transfer by a decree which shall be entered as of January 7, 1921," which was the date when the plaintiff made the transfer.

The suit was heard by *Carroll, J.*, by whose order on February 4, 1921, a decree was entered as of January 26, 1921, that the plaintiff was "authorized and empowered to pay over and transfer from the general funds of said Cosmopolitan Trust Company to the savings department of the Cosmopolitan Trust Company $607,005 in cash." Thereafter by consent the single justice allowed the filing *nunc pro tunc* as of February 3, 1921, of a substituted petition and of appearances and answers by the Cosmopolitan Trust Company and by the Old Corner Book Store, Inc., a depositor in the commercial department of the Cosmopolitan Trust Company, appearing and answering in behalf of itself and of other depositors in the commercial department of the Cosmopolitan Trust Company, similarly situated, and reported the case "in so far as I have authority to do so" for determination by the full court of the following questions:

"(1) As to the right of the Cosmopolitan Trust Company to appear and be heard upon this petition;

"(2) As to the right of the Old Corner Book Store, Inc., as a depositor in the commercial department to appear and be heard upon this petition on behalf of itself and other depositors in the commercial department of said Cosmopolitan Trust Company similarly situated; and

"(3) As to the correctness of the decree as entered."

*H. Williams, Jr.,(F. O. White* with him,) for the Cosmopolitan Trust Company, and for the Old Corner Book Store, Inc., a general creditor.

*D. L. Smith & H. O. Cushman,* for the commissioner of banks.

RUGG, C.J. The Cosmopolitan Trust Company was incorporated in 1912 under R. L. c. 116. It conducted in Boston a

general banking business and maintained a savings department. On September 25, 1920, the plaintiff took possession of its property and business under St. 1910, c. 399, and acts in amendment thereof and in addition thereto. See now G. L. c. 167, § 22. Between August 23, 1920, and September 25, 1920, the Cosmopolitan Trust Company, through its officers, pledged mortgages, and other securities, assets of the savings department, to the amount of $1,243,240.90, as collateral security upon its notes given for loans, the proceeds of which were used wholly in its commercial department. All these notes were outstanding and unpaid on September 25, 1920, when the plaintiff took possession. The plaintiff in the course of liquidation of the Cosmopolitan Trust Company paid some of these notes out of general funds in his hands and replaced the collateral in the savings department; but $607,005 of these collateral securities were sold by the holders and applied to the payment of these notes. All the notes now have been paid.

This bill is brought to authorize the plaintiff to transfer from the commercial to the savings department this amount of $607,005, by which the assets of the savings department have been depleted for the benefit of the commercial department.

This proceeding is in the nature of a bill in equity by a trustee for instructions as to the performance of his duties. The commissioner of banks is in effect a trustee in his administration of a bank of which he has taken possession under the statute. Jurisdiction is conferred by St. 1910, c. 399, § 16, now G. L. c. 167, § 36, upon the Supreme Judicial Court to enforce in equity the provisions of the liquidation statute. This provision should be so construed as to make the law workable, as a practical measure, to ascertain, protect and establish speedily the rights, obligations and duties arising out of the liquidation statute, to the end that the creditors and beneficiaries of the bank may be paid with as brief delay as is practicable. The failure of a bank is likely to tie up the savings and hamper the business of many people. This section of the statute does not authorize the commissioner to seek the approval by the court of action which he is required by this statute to take on his own responsibility. The bill is properly brought.

The Cosmopolitan Trust Company is not a necessary party to

this proceeding. Whether the prayer of the bill be granted or denied can make no difference to it. If the liability of its stockholders could be affected in any way by the decision of this bill, it ought to be heard. But they cannot be affected by the decision. The stockholders are liable to the full amount of their stock at its par value "for all contracts, debts and engagements of the corporation." The liability of the stockholders is held as security for the payment of deposits in the savings department only as between such deposits and the claims of general creditors. That liability subsists, so far as concerns the stockholders, equally for "all contracts, debts and engagements," regardless of priority of any one class of such contracts, debts and engagements over any other class. St. 1905, c. 228, § 1 (see now G. L. c. 172, § 24). There is nothing disclosed on this record which shows that the Cosmopolitan Trust Company has any right, respecting the issues here raised, adverse to the position taken by the commissioner of banks. The Cosmopolitan Trust Company has not presented any arguments to show that it has such adverse interest. When there is no such adverse interest, the Cosmopolitan Trust Company by accepting its charter agreed to be bound by St. 1910, c. 399, § 5 (G. L. c. 167, § 25), which confers upon the commissioner of banks power in the name of the bank to "prosecute and defend all suits and other legal proceedings."

The plaintiff, however, made the Cosmopolitan Trust Company a party to this proceeding by asking for an order of notice to it to show cause why the relief prayed for should not be granted. That is sufficient to give the Cosmopolitan Trust Company a right to appear and be heard.

The Old Corner Book Store, Inc., is a depositor in the commercial department but not in the savings department of the Cosmopolitan Trust Company, and asks leave to appear and answer in behalf of itself and other commercial depositors similarly situated. The bank commissioner by this bill is asking the instruction of the court as to his duty in a matter immediately affecting the financial interests of depositors in the commercial department. His attitude in this matter is directly antagonistic to their interests. Therefore he cannot represent them and they are proper parties to the proceeding. It is a familiar practice where parties are numerous, to admit one or several as repre-

sentatives of the class. *Reynolds* v. *Davis*, 198 Mass. 294, 301. *Wallace* v. *Adams*, 204 U. S. 415, 425. *United States* v. *Old Settlers*, 148 U. S. 427, 464.

The securities of the savings department, which were pledged by the trust company as security for a loan used by its commercial department, were trust property. *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252. Under general principles of law governing the administration of trusts, as well as under the express terms of St. 1908, c. 520, § 3, now G. L. c. 172, § 62, it was a gross breach of duty for the Cosmopolitan Trust Company to pledge these trust securities for the benefit of the commercial department. The legal title to all these securities was in the Cosmopolitan Trust Company when the plaintiff took possession of its property and business. Not one of them had been sold. At that time this specific trust property existed, and was completely identified. It became the instant duty of the plaintiff, when he took possession, to restore to the savings department the securities abstracted therefrom and put to the unlawful use. It was his obligation to use the resources of the commercial department for the purpose of repairing the breach of trust committed by the trust company against the depositors in the savings department. His duty was to pay the notes, thus to release the pledged securities and to replace them in position to protect the depositors in the savings department. The fact that, in the process of liquidation, the plaintiff deemed it wise not to redeem all these securities but to suffer some of them to be sold by the pledgees for payment of the notes, does not affect the trust obligation. The duty of the plaintiff in respect of these matters became fixed on the date when he took possession of the property of the trust company. Events thereafter occurring do not impair in any degree the obligation of the plaintiff in respect to the facts here disclosed. These are mere matters of administration. The doctrine of the right of a *cestui que trust* to trace and take the trust property wherever it can be found, with its limitations as to identification, has nothing to do with the facts disclosed in the case at bar. Decisions like *Lowe* v. *Jones*, 192 Mass. 94, *Little* v. *Chadwick*, 151 Mass. 109, *Foote* v. *Cotting*, 195 Mass. 55, and *Hewitt* v. *Hayes*, 205 Mass. 356, are inapplicable. We are dealing here with the trustee himself, for the plaintiff represents

the trust company. Having failed to pay the debt and thus to release the trust securities, identified and segregated at the time of his taking possession of the property of the trust company, for the benefit of the depositors of the savings department, it became the duty of the plaintiff to restore the equivalent in money value. The duty of the plaintiff rests upon the provisions of the banking law.

*Decree affirmed.*