PHILIP BARKAS vs. COMMISSIONER OF BANKS & another.

HERBERT B. MACKINTOSH vs. SAME.

SOL GOLDBAND vs. SAME.

ROSE A. RADLO vs. SAME.

MORRIS ROTHSTEIN vs. SAME.

NATHAN ZAND vs. SAME.

SOUTH ACTON WOOLEN COMPANY vs. SAME.

LOUIS ZELERMYER vs. SAME.

Suffolk.    December 2, 1925. — January 12, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Trust Company*, In liquidation, Fraud of officer in placing deposit in wrong department. *Contract*, What constitutes, Of depositor with trust company. *Estoppel.*

EIGHT SUITS IN EQUITY by depositors in the Cosmopolitan Trust Company against the commissioner of banks in possession of the property and business of that company, seeking to

require recognition of the plaintiffs as depositors in the savings department of the company. The suits were filed in the Supreme Judicial Court for the county of Suffolk, the first on January 17, 1922; the second and third on October 14, 1922; the fourth, fifth, sixth and seventh on October 16, 1922; and the eighth on February 12, 1923; all were amended after filing.

In the first suit, the facts were agreed upon. The others were heard by masters. In the second suit, the plaintiff filed exceptions to the master's report; in the other suits, excepting that of Radlo, interlocutory decrees were entered confirming the masters' reports.

In the Zelermyer suit, it appeared that the plaintiff filed a claim as a depositor in the commercial department of the trust company; that the suit was filed February 12, 1923; that the defendant answered and the suit was referred to a master on June 12, 1923; that on July 18, 1923, during the hearings before the master, the bill was amended and the defendant answered the amended bill on October 16, 1924. On October 25, 1924, the defendant filed a motion to dismiss the suit by reason of an order of court on August 15, 1922, "that no suit or proceeding at law or in equity, brought for the purpose of establishing rights to any of the property of Cosmopolitan Trust Company now in the hands of Joseph C. Allen, Commissioner of Banks of the Commonwealth of Massachusetts, in possession of the property and business of Cosmopolitan Trust Company, the petitioner, shall be brought after October 16, 1922." The motion was heard by *Crosby*, J., and was denied.

By order of *Braley*, J., the suits were consolidated and were reserved for determination by the full court on their respective pleadings, facts as agreed upon and found by the masters, and, in the Zelermyer case, also on the motion to dismiss and the order of the court thereon.

In his brief before this court, the defendant stated: "These claims have all been proved as commercial department claims; certificates of proof of claim as such have been issued to the claimants; and most, if not all, have received dividends. The proof of claims and receipt of dividends is without prej-

udice to the claims asserted in these actions.   The defendants concede that this follows from the provisions of the liquidation law, or the circumstances attending the proofs of the claims, or by agreement."

*M. M. Horblit,* for Rothstein, Zand, South Acton Woolen Company, and Zelermyer.

*B. H. Greenhood,* for Barkas.

*H. B. Mackintosh, pro se.*

*T. M. Vinson,* (*A. G. Gould* with him,) for Goldband.

*H. O. Cushman,* (*R. W. Nason & D. L. Smith* with him,) for the defendants.

CROSBY, J.   Although the respective deposits in the company of these eight plaintiffs were made on different dates, and in different amounts, they are essentially the same in all other important particulars.   Each plaintiff was induced to make a deposit in the savings department by reason of the false and fraudulent representations of leading officers of the company; in each instance a certificate of deposit in the same form, except as to the time of payment and rate of interest, was delivered to the plaintiffs respectively; and although the company did not issue certificates of deposit from the savings department, as represented by Mitchell and Pinksohn, that fact was not known to the plaintiffs who, it was found, received the certificates as evidence of the fact that the money had been received by the company.   In each case it has been found or agreed that the plaintiff was induced to part with his money by reason of the fraud practised upon him by one or more officers of the company.   In these circumstances the plaintiffs are entitled to have their deposits classified as deposits in the savings department.   *Wasserman* v. *Cosmopolitan Trust Co.* 252 Mass. 253.

The contention of the defendants, that on the authority of *Goldband* v. *Commissioner of Banks,* 245 Mass. 143, the plaintiffs by receiving the certificates of deposit are precluded from having the deposits classified as savings deposits, cannot be sustained.   The facts in that case are different in important particulars from those appearing in the cases at bar.   In principle these cases cannot be distinguished from that of *Wasserman* v. *Cosmopolitan Trust Co., supra,* and the

cases of *Cronan* v. *Commissioner of Banks, ante,* 444, just decided by this court.

The fundamental ground upon which the plaintiffs are entitled to relief in equity is the fraud practised upon them by the officers of the company. The fact that the claims in question have been heretofore proved as commercial department deposits, and some of the plaintiffs, if not all, have received dividends thereon is not to prejudice their rights in these suits, in view of the facts found or agreed upon.

The interlocutory decrees confirming the master's reports and supplemental reports are affirmed. The interlocutory decree overruling the defendants' motion to dismiss the bill filed in the suit of Zelermyer *v.* Commissioner of Banks is affirmed.

In each case a final decree is to be entered directing the commissioner of banks to classify the deposit as a deposit in the savings department.

*Ordered accordingly.*