ELIZABETH MORRISON *vs.* LAWRENCE TRUST COMPANY & another.

Essex. April 5, 1933. — June 2, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Trust Company,* As guardian, In liquidation. *Guardian.*

If a trust company is appointed guardian of a minor, funds which it receives as such guardian should not be deposited by it in its commercial department; and if it makes such a deposit and later becomes insolvent and possession of it is taken by the bank commissioner for purposes of liquidation, the provisions of G. L. (Ter. Ed.) c. 172, §§ 49, 50, 52–54, require that such funds be treated as trust property and be paid in full without diminution to the guardian who succeeds the trust company.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on November 30, 1932, seeking to establish the claim of the plaintiff to funds held by the Lawrence Trust Company as her guardian and that the defendant commissioner of banks in possession of the Lawrence Trust Company be required to pay to her the full amount thereof without diminution.

The suit was heard upon an agreed statement of facts by *Field,* J. Material facts are stated in the opinion. By order of the single justice the final decree described in the opinion was entered. The defendants appealed.

*B. Sanderson,* (*E. R. Hale* with him,) for the defendants.
*J. P. Kane,* for the plaintiff.

CROSBY, J.   The Lawrence Trust Company is a corporation having its usual place of business in Lawrence, in our county of Essex, and doing a banking business under the provisions of G. L. c. 172.   Elizabeth Morrison is a minor and on June 18, 1931, the trust company was appointed her guardian by the Probate Court and furnished a bond as such guardian without sureties.   On or about June 19, 1931, the trust company received as such guardian money of said ward in the sum of $4,750, and on December 15, 1931, this sum, with interest thereon, amounted to $4,781.56. The money so received was deposited by the trust company in its commercial department under the name "Lawrence Trust Company, guardian of Elizabeth Morrison," and became mingled with other funds of that department. On December 15, 1931, the commissioner of banks took possession of the trust company and is engaged in its liquidation.   It is agreed that the company is insolvent.   While in possession of the company the commissioner filed an account in the Probate Court charging the accountant with the sum of $4,781.56, and asking to be allowed for no payments or charges out of said sum; but stated that the money had been deposited in the commercial department and had been mingled with its funds.   After hearing the account was allowed by decree of that court charging the accountant with a balance of cash of $4,781.56.   A proof of claim was filed by the plaintiff with the commissioner seeking priority for the above amount.   The claim was rejected by the commissioner.   Thereafter the case was heard by a single justice of this court upon the pleadings, and upon what, in substance, is an agreed statement of facts, and was argued by counsel, and a final decree was entered establishing the claim of the plaintiff in the full amount and ordering that the commissioner put aside in a special deposit, separate from the other money and property of the trust company, free from liability for the debts and obligations of the trust company, said sum of $4,781.56 as the money and property of Elizabeth Morrison; and that the money and property of said minor be kept as a special deposit and that the accounts thereof be kept separate.   The

decree further recited that the commissioner and the Lawrence Trust Company are ordered to pay the whole of said sum of $4,781.56 without diminution, to the legally appointed and qualified guardian of said minor. From this decree the defendants appealed.

It is important to consider certain sections of G. L. (Ter. Ed.) c. 172 relating to trust companies. Section 49 provides that "Every such corporation acting under any provision of the following section [§ 50] or section fifty-two shall have a trust department in which all business authorized by said sections shall be kept separate and distinct from its general business"; § 52: "Such corporation may be appointed executor of a will, codicil or writing testamentary, administrator with the will annexed, administrator of the estate of any person, receiver, assignee, guardian, conservator or trustee under a will or instrument creating a trust for the care and management of property, under the same circumstances, in the same manner, and subject to the same control by the court having jurisdiction of the same, as a legally qualified individual. Any such appointment as guardian shall apply to the estate and not to the person of the ward. . . . The words 'such corporation' as used in this section and in sections fifty-three to fifty-nine, inclusive, shall, so far as applicable, include any banking association or corporation holding a certificate under section forty-five A of chapter one hundred and sixty-seven"; § 53: "Every such corporation may invest the funds or assets which it may receive and hold under the preceding section in the same way, to the same extent, and under the same restrictions as an individual holding a similar position may invest such funds or assets"; § 54: "Money, property or securities received, invested or loaned under the provisions of sections fifty to fifty-two, inclusive, shall be a special deposit in such corporation, and the accounts thereof shall be kept separate. Such funds and the investment or loans thereof shall be specially appropriated to the security and payment of such deposits, shall not be mingled with the investments of the capital stock or other money or property belonging to such corporation, or be liable for the debts or

obligations thereof." There is nothing to show that there are any trust funds held by the Lawrence Trust Company other than those of the plaintiff, nor does it affirmatively appear that it has any savings deposits. It may be assumed that it had a commercial department as the record recites that the money of the minor held by the trust company as her guardian was deposited in that department.

The money of the plaintiff held by her guardian was trust property, and it was a gross breach of duty to deposit it in the commercial department. The guardian was subject to the same control by the court as a legally qualified individual. The trust company under the statutes was required to place this money in its trust department and keep it separate and distinct from its general business, could invest the fund only in the same way, to the same extent, and under the same restrictions as an individual holding a similar position might invest such funds; it was a special deposit to be kept separate and not mingled with investments of the capital stock, or other money or property belonging to the corporation, or liable for the debts or obligations thereof; and the accounts also were to be kept separate. None of these mandatory provisions of G. L. (Ter. Ed.) c. 172, §§ 49-54, inclusive, was complied with by the trust company. Cases which hold that a *cestui que trust* may trace and take trust property wherever it may be found have no application to the present case. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 240 Mass. 254, 259. The trust company whose duty under the statute it was to take this money of the plaintiff as a special deposit held it in a fiduciary capacity, and it had no legal right to place it in the commercial department. It must be held to be a trust fund which the plaintiff is entitled to recover. The failure of the company or its officers and agents to enter and treat the deposit as a trust fund cannot deprive the plaintiff of her right to recover the full amount thereof with interest. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 240 Mass. 254. *Wasserman* v. *Cosmopolitan Trust Co.* 252 Mass. 253. *Cronan* v. *Commissioner of Banks*, 254 Mass. 444, 450. The plaintiff had a right to assume that the money belonging to her and which never had been in her possession was placed by

the trust company in its trust department, and there kept in accordance with the terms of the statutes. Therefore she is not barred by the wrongful acts of the company or its officers or agents. *Barkas* v. *Commissioner of Banks*, 254 Mass. 451.

It is argued by the defendants that a difference exists between § 54 and § 62, by reason of a difference between § 55 relating to trust departments and § 63, relating to savings departments; that by § 55 the capital stock and the stockholders' liability are held as security for the faithful performance of the duties undertaken by virtue of §§ 50–52, inclusive, or of any similar provision of law. Section 63, relating to deposits in savings departments, in addition to the protection given under § 55, further provides that: "the persons making such deposits or entitled thereto shall have an equal claim with other creditors upon the capital and other property of the corporation in addition to the security provided for by sections seventy-three and seventy-four or section eighty-one." Although this clause does not appear in the sections relating to trust departments, we are of opinion that where as here the plaintiff's money was wrongfully placed in the commercial department the plaintiff is entitled to full reimbursement out of the assets in the commercial department so far as they may be sufficient for that purpose, and any deficiency is to be paid under §§ 54 and 55. See *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64.

The final decree must be affirmed.

*Ordered accordingly.*